ORIGINAL

## UNITED STATES DISTRICT COURT
District of Delaware

Dennis Shipman,
Plaintiff, *Pro Se*

Civil Case No.: 07-CV-

vs.

Civil Rights Complaint
Pursuant to
42 USC § 1983

The State of Delaware; Delaware State Police;
Corporal Nicholas Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)

Plaintiff in the above captioned matter, allege(s) as follows:

### JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

### PARTIES

2. Plaintiff: Dennis Shipman
   Address: 231-27 Merrick Boulevard
   Laurelton, New York 11413
   347-251-6140

   Defendant(s): The State of Delaware
   Delaware State Police
   Corporal Nicholas Terranova, *individually and in his official capacity*;
   Trooper John Doe, *individually and in his official capacity*;
   Address: Post Office Box 430, Dover, Delaware 19903-0430
   Reynolds Towing Company
   Address: 3454 Wrangle Hill Road, Bear, DE 19701

## FACTS

Plaintiff visited the Delaware residence of his estranged wife on or about October 21st. They became involved in a heated argument, which caused plaintiff to leave the residence at approximately 1930 hours. Not knowing many people in New Castle generally or Delaware particularly, and being a Sunday evening, not wanting to bother anyone if he did, plaintiff pulled around the corner of newly constructed strip mall on State Route 13. Behind the strip mall was a dark access road. Plaintiff pulled over to settle down and reflect before deciding whether to return home that evening. Approximately ten to fifteen minutes later, a slow moving vehicle started driving south toward plaintiff's vehicle from behind without any lights on. Once the vehicle got within 10 feet of plaintiff's wife's truck, dome strobs, head and spot lights began to flash and shine. Plaintiff was startled as he was already parked, had not done anything, had not been drinking, had no one in the vehicle with him, and no illegal weapons, drugs or contraband. An indistinct figure walked to the side of plaintiff's vehicle out of eyesight but close enough to shine a flashlight into plaintiff's face. Plaintiff could not see either the vehicle, the officer's insignia, badge, patch or other identifiers. When the trooper asked plaintiff what he was doing in the area with "expired" tags, plaintiff told the trooper that he was minding his business, that he ought to provide an official ID card, or issue a ticket for the expired tags if that violation was the probable cause used to detain plaintiff and let him be on his way. Cpl. Terranova began yelling at plaintiff stating "I'm a state trooper in full uniform," "what is your problem?" "Are you drunk?" "Gimme your license, registration and insurance card." Frightened plaintiff had to search frantically for the insurance card but immediately complied with Terranova's directive, although he still could not see the officer's uniform, and gave him his license. The "trooper" called in a suspicious vehicle alert s well as for back-up, and asked plaintiff to step out of his vehicle. When plaintiff attempted to comply, Terranova immediately *assaulted* plaintiff by pushing him in the chest, causing him to fall backwards into his vehicle. Plaintiff demanded that Terranova either arrest, or not touch him again. Plaintiff also repeated that he wanted to see an official photo ID, as the officer's conduct was so unprofessional and antagonistic, plaintiff had genuine suspicions that the "trooper" was an impostor masquerading as a police officer (similar to cases that have been reported in a border state as well as in Delaware). Cpl. Terranova told plaintiff to put out his hands, placed handcuffs on plaintiff, threw him on the hood of a car, searched him, and placed him in back of his vehicle all in an endeavor to impress a female dressed in plain clothes riding along with him. Terranova then proceeded to search plaintiff wife's truck without permission, or any suggestion that he had a "reasonable suspicion" to believe a crime had been, or was about to be committed beyond the initial false report he called in about suspicious vehicle alert. Terranova then called for a tow truck, and continued to try and question plaintiff. Unfortunately, he is obviously unaware of the United States Constitution, and needs a crash course on the Bill of Rights, which although severely decimated under the Bush administration still in fact exist. Plaintiff does *not* have to answer any questions from a member of the law enforcement community beyond identifying himself.

If a police officer has probable cause to believe a crime has been committed, s/he has the authority to place the accused under arrest. A police officer cannot use citizen's constitutional right to remain silent to violate his right to be free of unlawful search and seizure. The entire sequence of events ought to have been recorded on the complained about DSP member's dash camera. The insurance card was indeed in the vehicle but plaintiff was unable to obtain it being handcuffed and, thereby, illegally detained in the back seat of the Terranova's car. When plaintiff went to pick up the vehicle on Monday, October 22nd, he was charged for "storage" although the company caused the storage charge itself by not immediately releasing the vehicle although plaintiff asked them to after being released from illegal detention. Plaintiff also made a formal complaint about the assault, and illegal detention and conversion of property to a Troop 2 Lieutenant immediately after obtaining the vehicle who has not to date responded. Plaintiff submitted a written complaint to Delaware State Police Office of Professional Responsibility. He followed up with a telephone call to a supervisor name Lieutenant Slank. Lt. Slank informed plaintiff that Delaware State Police policy required them to tape all complaints about its members but that he would immediately obtain Terranova's dash camera memory card. Plaintiff conferred with an attorney who advised him not to submit to a taped interview as she was unaware of any Delaware law that allowed anyone police officer or civilian to skirt prosecution for a crime as serious as assault because the complainant does not want his complaint recorded but written, and also to request questions in writing. Plaintiff believes the policy was enacted through clever collective bargaining to allow rogue cops such as Terranova and his supporters to escape the consequences of their actions: having a toothless Office of Professional Responsibility bound by internal policy from essentially enforcing laws against members of its own rank gives license to bad cops like Terranova to abuse citizens rights until they eventually murder someone under color of authority. On October 31st plaintiff's wife's family frantically contacted him about a letter left by a state trooper claiming to want to speak with him. Plaintiff asked them to open it, and was stunned to learn that a warrant had been issued for his arrest allegedly for "littering," using "obscene language," "destruction of property" and "vandalism" *et cetera* on Tuesday, October 22$^{nd,}$ one day *after* plaintiff formally filed his complaint for assault against Terranova. Reynolds Towing claimed they *did not* swear out the those specific charges and/or arrest warrant, and that they *only* contacted Delaware State Police to indemnify their business because of minor scratches on a freshly painted vehicle allegedly caused by plaintiff cutting a donut on a gravel covered parking lot, which they claim ironically was caught by their surveillance system. If that assertion is true, Delaware State Police had no standing to swear out these charges. They did not witness them video record notwithstanding and, more importantly, they occurred on private property. Plaintiff disputes that cutting a donut could have caused *any* scratches on a vehicle that were not already there or, more importantly, rises to the level of a *crime* while a uniformed DSP member who *assaulted* plaintiff *on camera* has *not* been arrested, charged or questioned about that allegation because plaintiff does not wish to submit to a taped interview per legal advice. What is wrong with this picture (no pun intended)?

Moreover, the charges that have been falsely levied against plaintiff if anything are civil and not criminal: an obvious ruse to begin a witch hunt into plaintiff's background hoping to find some exculpatory skeleton, which Terranova was unable to do without raising more red flags than his initial conduct ought to have by competent supervisors and managers.

If there was probable cause to believe a crime had been committed it should have been resolved with a summons and a court date, not an arrest warrant signed off on by a supervisor and/or approved by a DSP lawyer that ought to have been aware of the outstanding assault complaint against Terranova by plaintiff, which to date has not been prosecuted, Troop *corp d'esprit* and, thereby, how other equally biased Delaware State Police members may respond to a complaint where plaintiff is involved. The false charges and resulting arrest warrant is patently retaliatory, an obvious abuse of authority while acting under color of law and, more importantly, a deliberate attempt to impugn plaintiff's character with a permanent arrest record by Delaware State Police members and weak, politico managerial personnel impotent to control rogue elements that bring shame and disgrace into their ranks by attempting to shield young Mr. Terranova from the consequences of his abusive, illegal conduct.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Plaintiff alleges a deprivation of constitutionally protected rights - to wit: Articles IX and XIV of the United States Constitution, Bill of Rights - by defendants while acting under color of law in violation of Title 42 U.S.C. § 1983 *by enforcing a[ny] law, which shall abridge the privileges or immunities of citizens of the United States*; nor shall any state deprive any person of life, liberty or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.*

### SECOND CAUSE OF ACTION

Plaintiff alleges a deprivation of constitutionally protected rights - to wit: Articles IX and XIV of the United States Constitution, Bill of Rights - by defendants swearing out an obviously false and, more disturbingly, retaliatory criminal complaint while acting under color of law in violation of Title VII of the Civil Rights Act of 1964 in that any alleged crime, which occurred after the initial discriminatory as well as unlawful stop and frisk is the fruit of the poisoned tree.

### THIRD CAUSE OF ACTION

Plaintiff alleges a deprivation of constitutionally protected rights - to wit: Articles IX and XIV of the United States Constitution, Bill of Rights - by defendants while acting under color of law.

Plaintiff(s) demand(s) a trial by
(Court)

### 3. PRAYER FOR RELIEF

**WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief: $10,000,000 in compensatory damages, $30,000,000 in punitive damages, interest, court costs and attorney's fees.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: October 31, 2007

_____
Signature of Plaintiff(s)

07-667

ORIGINAL

# Exhibits

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2007 NOV -1  AM 10: 27

Dennis Shipman
231-27 Merrick Boulevard Laurelton, New York 11413
347-251-6140

October 31, 2007

<u>Personal & Confidential (By Facsimile & Certified Mail)</u>
State of Delaware
Hon. Beau Biden, Attorney General
820 North French Street, Wilmington, DE 19801 302-577-2610

Re: Complaint # 02-07-099919

Dear Mr. Biden:

Please see attached correspondence. I have never had a warrant sworn out for my arrest after turning a donut in a private lot. It is beyond ridiculous. If I really "destroyed property, or vandalized anything but the ground," that action ought to result in a civil and not in a criminal complaint.

Moreover, I believe both the outrageous charges and the arrest warrant is over reaching as well as retaliatory. Giving everyone the benefit of the doubt, *nothing* I did allegedly rises to the level of a crime. Although there are civil right issues involved here, I have a major problem with being treated like a common criminal: compelled to surrender for turning a donut in a private parking lot, with no pedestrians present, and made to do a prep walk like a terrorist, which would imperil my civil service career.

I am waiting for an attorney in Delaware to contact me here in New York but I ask respectfully for an expedited administrative review of this matter for reasons already stated. A simple arrest whether I am exonerated or not would have a disastrous consequence on my government service. And I do not believe given the circumstances as revealed by a cursory investigation, preceding events, and the resulting charges will justify the warrant, or demonstrate that I am being treated fairly or equitably here.

The Delaware State Police obviously are circling wagons to protect one of their own, and the warrant would give them legal *carte blanche* to besmirche both my reputation as well as character. If after an expedited administrative review the Attorney General's office believes the charges are justified, I respectfully ask that a summons be substituted for the arrest warrant and forwarded to me here in New York so that I can respond without fear of being taken into custody on such a shoddy complaint, which is clearly retaliatory, malicious, would not survive a vigorous defense, and lends credence to aforementioned suspicions.

Thank you. I remain,

Yours,

Dennis Shipman

Dennis Shipman
231-27 Merrick Boulevard
Laurelton, New York 11413

October 31, 2007

<u>By Facsimile & Certified Mail</u>
Delaware State Police
Post Office Box 430
Dover, DE 19903-0430
Attn: Col. Thomas McLeich

Re: Complaint # 02-07-099919

Dear Col. McLeach:

I spoke to Lieutenant Slank this morning with respect to a criminal complaint filed against me by member(s) of DSP on Tuesday, October 23rd, which was made one day after I formally complained to the Office of Professional Responsibility about Cpl. Terranova's assault. I do not see Cpl. Terranova being arrested for the assault, however. Instead, I now find myself facing highly dubious criminal charges for spinning out of a private parking lot after having a vehicle I do not own illegally confiscated on a false report issued by a member of this agency.

I also see this trooper being improperly accorded extra-judicial privilege despite a dash camera record supporting my allegations against him. I have not received interrogatories requested from DSP Internal Affair's investigators because I will not subject myself to a "taped" hearing to make a formal criminal complaint. I have no reason but to assume the false charges and resulting arrest warrant is retaliatory, an obvious abuse of authority and, more importantly, a deliberate attempt to impugn my character with a permanent arrest record by DSP members attempting to shield Terranova from the consequences of his abusive conduct.

Reynolds Towing claimed that they *only* contacted DSP to indemnify their business because of minor scratches on a vehicle allegedly caused by cutting a donut on a gravel covered parking lot. I dispute that cutting a donut could have caused *any* scratches on a vehicle that were not already there or, more importantly, rises to the level of a *crime* while a DSP member who *assaulted* me on camera has not been arrested, charged or questioned about that allegation. What is wrong with this picture?

Moreover, if it is anything, which is extremely questionable, it is a civil and not a criminal issue. If there was probable cause to believe a crime had been committed it should have been resolved with a summons and court date, not an arrest warrant. Reynolds Towing claimed they *did not* swear out the arrest warrant (and my people spoke with them this morning after my wife's family frantically contacted me about a letter left by a state trooper claiming to want to speak with me), which contains obviously false charges such as littering, obscene language, destruction of property and vandalism *et cetera*. Whoever reviewed these charges before presenting them to the JP magistrate for an arrest warrant erred grievously.

    DSP Office of Professional Responsibility is not acting responsibly by refusing to reign in out-of-control state troopers who are now imperiling both my life as well as liberty with patently false charges and improperly obtained, highly tenuous arrest warrants. I will not subject myself to a "taped" interview to make a formal criminal complaint.

    Neither Reynolds Towing nor the DSP members involved in trumping up these charges were required to do so in order to file criminal charges against me, and the same *exact* standard has to apply toward everyone accused of a crime whether police officer or civilian. I am retaining Delaware counsel, initiating a formal Federal civil rights action against DSP, referring the matter to both Gov. Miner's as well as Beau Biden's office, and letting the chips fall where they may.

    I am waiting to speak with an attorney, and will make arrangements *through* him to resolve this issue within 72 hours. Please *cease* and *desist* from harassing either my wife or her family who lives at the address where the trooper attempted to execute the warrant. We are separated, I *do not* live in Delaware. Young school aged, children do, however, and it is both frightening and embarrassing to have police officers coming to this house looking to execute an arrest warrant.

    Thank you. I remain,

Yours,

Dennis Shipman

cc: Hon. Beau Biden

Dennis Shipman
718 Binnewater Lane
Kingston, New York 12401

October 23, 2007

<u>By Facsimile & Certified Mail</u>
Delaware State Police
Office of Professional Responsibility
Post Office Box 430
Dover, DE 19903-0430
Attn: Captain Paul Smentkowski

Re: Terranova, Nicholas Officer IBM: 03437

Dear Captain Smentkowski:

I spoke to a member of your unit yesterday about this extremely serious allegation. Lieutenant Slank tentatively scheduled a formal interview on Friday at Troop 2 in New Castle. A citizen has every right to demand albeit respectfully photographic identification from a member of a police agency whether s/he is in full uniform or not. Uniforms and vehicles can be easily copied. The instant complaint, which occurred on or about October 21st at approximately 1930 hours, a state trooper stopped behind complainant who was *already* parked in an extremely poorly lighted area behind Pocket's on State Route 13 in New Castle. Complainant could not see either the vehicle, the trooper's insignia, badge, patch or other identifiers.

When trooper asked what complainant was doing in the area with "expired" tags, complainant told the trooper that he was minding his business, and that he ought to provide an official ID card, and to issue a ticket for the expired tags if that violation was the probable cause used to detain complainant. Cpl. Terranova began yelling at complainant stating "I'm a state trooper in full uniform," "what is your problem?" "Are you drunk?" "Gimme your license, registration and insurance card." Complainant had to search for the insurance card but immediately complied with the Terranova's directive, although he still could not see the officer's uniform, and gave him his license.

The "trooper" called in a suspicious vehicle alert s well as for back-up, and asked complainant to step out of his vehicle. When complainant attempted to comply, Terranova immediately *assaulted* complainant by pushing him in the chest, causing him to fall backwards into his vehicle. Complainant demanded that Terranova either arrest, or not touch him again. Complainant also repeated that he wanted to see an official photo ID, as the officer's conduct was so unprofessional and antagonistic, complainant had genuine suspicions that the "trooper" was an impostor masquerading as a police officer (similar to cases that have been reported in a border state as well as right here in Delaware). Cpl. Terranova told complainant to put out his hands, placed handcuffs on complainant, threw him on the hood of a car, searched him, and placed him in back of his vehicle all in an endeavor to impress a female dressed in plain clothes riding along with him.

Terranova then proceeded to search complainant's truck without permission, or any suggestion that he had a "reasonable suspicion" to believe a crime had been, or was about to be committed beyond the initial false report or ruse depending on one's perspective when Terranova called in a suspicious vehicle alert. Terranova then called for a tow truck, and continued to try and question complainant. Unfortunately, he is obviously unaware of the United States Constitution, and needs a crash course on the Bill of Rights, which although severely decimated under the Bush administration still in fact exist.

Complainant does *not* have to answer any questions from a member of the law enforcement community beyond identifying himself. If a police officer has probable cause to believe a crime has been committed, s/he has the authority to place the accused under arrest. A police officer cannot use citizen's constitutional right to remain silent to violate his right to be free of unlawful search and seizure. The entire sequence of events ought to have been recorded on the complained about DSP member's dash camera. The insurance card was indeed in the vehicle but complainant was unable to obtain it being handcuffed and, thereby, illegally detained in the back seat of the Terranova's car.

When complainant went to pick up the vehicle this morning, he was charged for "storage (as well as the tow for a grand total of $150, which complainant is formally filing a Notice of Claim against DSP by this letter)," although the company caused the storage charge itself by not immediately releasing complainant's vehicle although he asked them to immediately after being released from an illegal detention. This scam, which will result in a separate small claims action against the tow company, could have been avoided if DSP had policy in effect requiring a shift commander's clearance for all tows instead of relying on the good will and professionalism of its members not to abuse their considerable often unfettered authority.

Moreover, DSP policy regarding complaints against uniformed members of the agency is not binding on complainant. After conferring with counsel, complainant will not present himself for a "taped" interview. However, if DSP investigators have specific questions with respect to the assault and abuse of authority complaint that has been levied against Cpl. Terranova, please put them in writing, and complainant will submit a written response.

Thank you. I remain,

Yours,

Dennis Shipman

cc: Col. Thomas McLeich

# AFFIDAVIT

I, Derrick Gore, being duly sworn does depose and say, on October 21st at approximately 2030 hours, I was contacted by Dennis Shipman. A vehicle owned by his wife had been towed by Reynolds Towing at the request of Delaware State Police. I picked Mr. Shipman up in the parking lot of Pockets Liquor Store on State Route 13 in New Castle. I started driving toward Reynolds Towing to retrieve the vehicle but suggested that we call first. We spoke with a dispatcher there who said the company was closed. We drove back to New Castle. On Monday, October 22nd, at approximately 0830 hours, Mr. Shipman and I drove to Reynolds Towing to retrieve his wife's vehicle. Mr. Shipman paid the charges in cash, and went to a gravel covered storage lot where the truck was parked haphazardly between two other vehicles, with the interior clearly ransacked, and some minor but clearly new exterior blemishes that Mr. Shipman dismissed saying, "let's just get out of here." I observed Mr. Shipman drive out of the parking lot *without* hitting, striking, backing into, side swiping, or otherwise causing any *deliberate* damage to any other vehicle on the lot. Any wheel spinning was the direct result of the loose, pebble and gravel covered lot, and not any malicious act that I could observe from less than 30 feet away in my van by Mr. Shipman. This morning, Wednesday, October 31st, Mr. Shipman called me from New York and said that his wife's house was visited by yet another State Trooper claiming that Mr. Shipman's actions doing a donut in the parking lot of Reynolds Towing that allegedly caused damage to cars parked there. That is simply not possible. All cars built during the last 20 years are finished with a clear coat that resist scratches, dings, dents, and blemishes associated with highway driving. Anything older would have been damaged as a consequence of age. So, I do not know what the problem is between Mr. Shipman and Delaware State Police, or why anyone at Reynolds would call, deliberately make a false report without first speaking with the alleged perpetrator. But I was there when the truck was picked up. I have no beef with either Reynolds Towing, or Delaware State Police, and have no reason to lie for anyone. I did *not* observe Mr. Shipman hitting, striking, backing into, side swiping, or otherwise deliberately causing damage to any vehicle in that lot that would give rise to any *criminal* charges, and cannot understand why anyone would sign out a warrant for Mr. Shipman's arrest.

Signed and sworn to on
October 31st, 2007

Derrick Gore

Notary Public

DAVID A. DAVIS
1412 DUPONT HWY.
NEW CASTLE, DE 19720
MY COMMISSION EXPIRES
27 JUNE 2010
NOTARY PUBLIC - STATE OF DE

CPL/1 BUCKLEY
DE STATE POLICE TROOP

2

302 834-2620 X 528
OCTOBER 31, 2007


TO DENNIS SHIPMAN,
  ON TUES, 102307 I WAS DISPATCHED TO REYNOLDS TOWING REFERENCE TAKING A POLICE REPORT STATING YOU CAUSED DAMAGES TO VEHICLES PARKED IN THE LOT AS YOU LEFT DOING DONUTS ON MON, 102207.
  AS A RESULT, REYNOLDS HAS SIGNED OUT A WARRANT FOR YOUR ARREST AND YOU ARE CURRENTLY WANTED IN THE STATE OF DE.
  I WILL ALLOW YOU TO CALL ME AND SET UP A DATE AND TIME TO TURN YOURSELF IN. IF YOU COOPERATE, I WILL ASK THE JUDGE FOR FAVORABLE BOND, IF YOU DO NOT COOPERATE, I WILL LOCATE YOU AND ASK THE JUDGE FOR HIGH CASH BOND ONLY.
  YOU CAN REACH ME AT 302 834-2620 EX 528 AND LEAVE ME A MESSAGE.

CPL/1 BUCKLEY
DE STATE PLOICE
TROOP #2

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Dennis Shipman
347 251 6140

**DEFENDANTS**
State of Delaware et Al

(b) County of Residence of First Listed Plaintiff: **Queens**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Kent**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known): Beau Biden

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☑ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: civil rights violation

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 15,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/1/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-687

FILED 2007 NOV -1 AM 10:17 CLERK, U.S. DISTRICT COURT DISTRICT OF DELAWARE

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __5__ COPIES OF AO FORM 85.

__11/1/07__  
(Date forms issued)

__[signature]__  
(Signature of Party or their Representative)

__Dennis Shipman__  
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action