Dennis Shipman
231-27 Merrick Boulevard
Laurelton, New York 11413-2111
347-251-6140

FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 NOV 19  PM 2:57

SS

November 17, 2007

EMERGENCY TRO
United States District Court
District of Delaware
Honorable Leonard P. Stark, DCJ
844 North King Street
Wilmington, Delaware 19801

    Re: Shipman v. State of Delaware *et al* 1:07-CiV-00687

Dear Judge Stark:

    Please see attached exhibits. Plaintiff has exhausted every administrative effort to compel the Attorney General, Governor, as well as Chief Magistrate to comply with the law. However, Deputy Chief Magistrate Bonita Lee's letter, which Chief Magistrate Alan Davis' assistant was kind enough to read to me, is absent a critical analysis of the facts. First, the bench warrant that Magistrate Lee references was issued only after JP Court 11 failed to respond to a formal motion (attached), which was copied to her via *email* as well as by *personal service* on November 1st (10 full days before the hearing asking that both the criminal charges as well as the traffic tickets be consolidated and, more importantly, a new court date be scheduled).

    By Magistrate Lee's own admission, the court dropped the ball in that the letter and motion was not acknowledged by either JP Court 11 or 13, which resulted in Chief Magistrate Alan Davis' assistant calling plaintiff on Wednesday, November 15th apologizing profusely for the egregious lapse *but* failing to offer any substantive relief. Moreover, the complained about criminal charges - i.e., 02—07-014077 - were filed against me only *after* I lodged a formal assault complaint against Cpl. Terranova (please see letters to Delaware State Police Office of Professional Responsibility). Therefore, how can such warrants – i.e., arrest and bench warrant – issued after the court failed to respond to a formal request to reschedule) be allowed to stand ethically? They were clearly improperly issued and the underlying disorderly persons offenses demonstrably retaliatory.

The fact that Magistrate Lee's letter didn't respond to this critical issue may be a consequence of neglecting to thoroughly review the documentation submitted to the court. Consequently, the relief I am seeking, which is to have the arrest warrant for the retaliatory criminal charges vacated, is clearly within the discretionary purview of the Court. And I have respectfully ask the court to do it the interest of justice. I am neither a criminal nor a scofflaw, and have made a good faith effort to respond to these clearly unfair charges (both traffic as well as criminal), with appearances at J.P. Court No. 11 on November 1st only to be told by a clerk that I had to "turn [my]self in" at Troop 2.

Given the documentation provided to this court, the retaliatory criminal charges and resulting warrants are a blatant perversion of justice and, thereby, a flagrant violation of my constitutional rights to due process and equal protection of the law. I will not subject myself to an arrest warrant while the state fails to prosecute a state trooper who assaulted me, and then falsely files criminal charges to cover his misfeasance.

I am not seeking to circumvent the legal process. Delaware State Police acting in collusion with a sympathetic magistrate have already done that. I am seeking to have these fraudulent warrants enjoined until the court can thoroughly review the facts associated with a formal application and vacate warrants based on the facts as presented. The defendants cannot be allowed to besmirch plaintiff's character and reputation, compromise his pending reinstatement to NYS government service acting under color of law in retaliation for him exercising his constitutional rights to due process and equal protection under the law.

Therefore, he prays the Court grants this emergency order. Thank you in anticipation of your prompt response.

I remain,

Sincerely yours,

Dennis Shipman

cc: Beau Biden, Attorney General
    820 North French Street
    Wilmington, Delawared 19801
    302-577-2610

# UNITED STATES DISTRICT COURT
### District of Delaware

Dennis Shipman,
Plaintiff, *Pro Se*

Civil Case No.: 07-CV-00687

vs.

Order To Show Cause for
Preliminary Injunction and
Temporary Restraining Order

The State of Delaware; Delaware State Police;
Corporal Nicholas Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)

Upon the affidavit of Dennis Shipman, sworn to the 17th day of November 2007, and upon the copy of the complaint hereto annexed, it is **ORDERED**, that the above named defendants show cause at 844 North King Street, Wilmington, New Castle County, State of Delaware on November _____ 2007 at _____ noon thereof, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 Federal Rules of Civil Procedure enjoining the defendants during the pendency of this action from executing improperly obtained (arrest/bench) warrants granted by an incompetent Justice of the Peace Court Magistrate under false pretenses in an obvious endeavor by Delaware State Police to retaliate against plaintiff who lodged a formal assault complaint against the defendant, Corporal Nicholas Terranova upon which the underlying civil rights complaint is predicated. It is further **ORDERED**, that sufficient reason having been shown, therefore, pending the hearing of plaintiff's application for a preliminary injunction, pursuant to Rule 65 FRCP the defendant(s) are temporarily restrained and enjoined from executing arrest/bench warrant obtained *ex post facto* relative to plaintiff's assault complaint against defendant; and, it is further **ORDERED**, that personal service of a copy of this order and annexed affidavit upon the defendants(s) or his counsel on or before _____ o'clock in the _____ noon. _____,
2007, shall be deemed good and sufficient service thereof.

DATED: November 17, 2007
Wilmington, Delaware

_____
United States District Judge

# UNITED STATES DISTRICT COURT

### District of Delaware

Dennis Shipman,
Plaintiff, *Pro Se*

Civil Case No.: 07-CV-00687

vs.

Affidavit

The State of Delaware; Delaware State Police;
Corporal Nicholas Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)

Dennis Shipman, being duly sworn deposes and says:

I, Dennis Shipman, as plaintiff in the above-entitled action, respectfully move this court to order defendant(s) to show cause why they should not be enjoined from executing an improperly obtained arrest/bench warrant until a final disposition is rendered on the merits of the above entitled action.

Unless this order is issued, plaintiff will suffer immediate and irreparable injury, loss and damage in that his reinstatement to a security sensitive position in New York State government service has been held in abeyance by an exhaustive Nationwide – i.e., FBI-background check, which is still pending 120 days after the fact by a newly formed criminal background check unit in his former agency.

A *permanent* arrest record in the state of Delaware whether justified or not would immediately show up on an internal security and safety background check software program; and, thereby, result in a formal denial of reinstatement that would cause immediate, irreparable injury as plaintiff would have to begin a job search anew, losing 5 years of seniority, a state pension as a direct consequence and, thereby, be unable to meet his financial obligations (i.e., mortgage, truck loan, utilities et cetera).

Given the documentation provided to this Court under exhibits, the retaliatory criminal charges and resulting warrants are a blatant perversion of justice and, thereby, a flagrant violation of his constitutional rights to due process and equal protection of the law. Plaintiff ought not have to subject himself to a falsely obtained arrest warrant while the state fails to prosecute a state trooper who maliciously detained and brutally assaulted him, and then brazenly filed false criminal charges to cover his misfeasance.

WHEREFORE, plaintiff respectfully requests that the Court grant the within relief as well as such other and further relief that may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Sworn to by me this 17th day of November 2007

_____
Notary Public

Dated: November 17, 2007

SEAL

DAVID A. DAVIS
1412 DUPONT HWY.
NEW CASTLE, DE 19720
MY COMMISSION EXPIRES
27 JUNE 2010
NOTARY PUBLIC - STATE OF DE

_____
Dennis Shipman
231-27 Merrick Boulevard
Laurelton, New York, USA 11413-2111
347-251-6140

# Exhibits

RULES GOVERNING CRIMINAL PROCEDURE FOR THE
JUSTICE OF THE PEACE COURT OF THE STATE OF DELAWARE

I.      Scope, Purpose and Construction.

Rule 1. Scope of Rules.

These Rules govern procedures in all criminal proceedings in the Justice of the Peace Court of the State of Delaware.

Rule 2. Purpose and Construction.

These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay.

II.     Preliminary Proceedings.

Rule 3. Commencement and Complaint.

(a) Commencement.   Proceedings may be by complaint or information or, when lawful, by arrest or summons without a warrant or complaint.
(b) Complaint. The complaint is a written statement of the essential facts constituting the offense charged and shall further include the title, section, and subsection of the applicable statute, rule, regulation or other provision of law, which is allegedly violated. It shall be made upon oath or affirmation by the complainant before any person authorized by law to perform a notarial act. The complaint may be based upon personal knowledge or upon reasonable information and belief.

Rule 4.       Arrest warrant or summons; capias.

(a) Issuance. If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. A summons instead of a warrant may issue in the discretion of the Justice of the Peace. More than one warrant or summons may issue on the same complaint. If a defendant fails to appear in response to the summons or there is reasonable cause to believe the defendant will not appear, a warrant shall issue. In any case in which it is lawful for an officer to arrest a person without a warrant, the officer may, without a complaint having been filed, issue a summons in the form prescribed by statute instead of arresting the person.
(b) Probable Cause. The finding of probable cause may be based upon hearsay evidence in whole or in part.

1

Dennis Shipman
231-27 Merrick Boulevard
Laurelton, New York 11413-2111
347-251-6140

November 16, 2007

PERSONAL & CONFIDENTIAL
BY FAX AND CERTIFIED MAIL
Alan Davis, Chief Magistrate
State of Delaware
Justice of the Peace Court
500 N. King Street, Ste. 11600
Wilmington, DE 19801

Re: 02-07-014077

Dear Magistrate Davis:

Thank you for your prompt response to my concerns. However, Magistrate Lee's letter, which your assistant was kind enough to read to me, is absent a critical analysis of the facts. First, the bench warrant that she references was issued only after JP Court 11 failed to respond to a formal motion, which was copied to her via *email* as well as by *personal service* on November 1st (10 full days before the hearing asking that both the criminal charges as well as the traffic tickets be consolidated and, more importantly, a new court date be scheduled).

By Magistrate Lee's own admission, the court dropped the ball in that the letter and motion was not acknowledged by either JP Court 11 or 13, which resulted in your assistant apologizing for the egregious lapse but failing to offer any substantive relief. Moreover, the criminal charges - i.e., 02—07-014077 - were filed against me only *after* I lodged a formal assault complaint against Cpl. Terranova (please see attached docket sheet, and letter to DSP Office of Professional Responsibility). Therefore, how can such warrants – i.e., arrest and bench warrant – issued after the court failed to respond to a formal request to reschedule) be allowed to stand ethically?

The fact that Magistrate Lee's letter didn't respond to this critical issue may be a consequence of neglecting to thoroughly review the documentation submitted to the court. Consequently, the relief I am seeking, which is to have the arrest warrant for the retaliatory criminal charges vacated, is clearly within the discretionary purview of the Court. I again respectfully ask the court to do it the interest of justice. I am neither a criminal nor a scofflaw, and have made a good faith effort to respond to these clearly unfair charges (both traffic as well as criminal), with appearances at J.P. Court No. 11 on November 1st only to be told by a clerk that I had to "turn [my]self in" at Troop 2.

Given the documentation provided to this court, and its administrative arm, the retaliatory criminal charges and resulting warrants are a blatant perversion of justice and, thereby, a flagrant violation of my constitutional rights to due process and equal protection of the law. I will not subject myself to an arrest warrant while the state fails to prosecute a state trooper who assaulted me, and then falsely files criminal charges to cover his misfeasance. I am not seeking to circumvent the legal process as Delaware State Police in concert with a sympathetic magistrate have already done, but for the Chief Magistrate to thoroughly review the fact associated with a formal application and exercise his discretion to vacate all of these warrants based on the facts as presented, and issue a Summons with a new court date.

If after a thorough review and careful analysis of the facts, the Chief Magistrate believes the complained about warrants were properly issued, I respectfully ask that the charges – i.e., traffic and criminal – be administratively transferred to the Court of Common Pleas so that I can avail myself of legal representation through the Public Defender's office.

Thank you in anticipation of your prompt response.

I remain,

Sincerely yours,

Dennis Shipman

cc: Hon. Ruth Ann Minner

Dennis Shipman
231-27 Merrick Boulevard
Laurelton, New York 11413-2111
347-251-6140

November 15, 2007

PERSONAL & CONFIDENTIAL
BY FAX AND CERTIFIED MAIL
Alan Davis, Chief Magistrate
State of Delaware
Justice of the Peace Court
500 N. King Street, Ste. 11600
Wilmington, DE 19801

  Re: 02-07-014077

  Dear Magistrate Davis:

  The attached motion, supporting documentation and cover letter were directed to
Magistrate Robert Lopez, and per instruction received from your staff, to Deputy Chief
Magistrate Bonita Lee on November 1st. To date, the arrest warrant is still active and
from what I understand another one issued for the 2 alleged traffic violations with which
the criminal charges are predicated. Since I explained in detail the sequence of events that
led to these charges in the ignored cover letter personally served on both Magistrates
Lopez and lee respectively, I will not rehash it herein.

  However, I do not live in Delaware, and have never heard of any Court in these United
States ignoring a duly conformed Motion and Affidavit in Support requesting that an
improperly issued arrest warrant be quashed, and that all the matters be consolidated in
the interest of judicial economy and, to add insult to injury, issuing additional bench
warrants. It is bizarre. Although I have meritorious reason to ask the court to dismiss the
criminal charges in the interest of justice, I have no problem returning to Delaware on a
summons, and trying the matter.

  However, the Motion that has been attached for your review has to be ruled upon. If the
Magistrate in his or her wisdom chooses to ignore the facts and deny my application that
would allow me to take an interlocutory appeal to the Court of Common Pleas. Simply
ignoring a formal motion and issuing arrest warrants is way beyond the bounds of
jurisprudence.

I respectfully ask for an official explanation of why JP Court No. 11 in the person of Magistrate Robert Lopez and Deputy Chief Bonita Lee have both failed to respond to the Motion in question and, more importantly, why a written decision has not resulted. I would greatly appreciate a telephone follow up.

Thank you in anticipation of your prompt response.

I remain,

Sincerely yours,

Dennis Shipman

cc: Hon. Ruth Ann Minner

Dennis Shipman
231-27 Merrick Boulevard Laurelton, New York 11413
347-251-6140

November 1, 2007

**Extremely Urgent**
<u>By Personal Service & Certified Mail</u>
Hon. Robert Lopez, Magistrate
Justice of the Peace Court No. 11
61 Christiana Road, New Castle, DE 19720

Re: 02-07-014077

Dear Magistrate Lopez:

Defendant presented himself to J.P. Court # 11 this afternoon driving 5½ hours from New York to do so, only to be told by a clerk that he had to surrender to Delaware State Police at Troop 2. Defendant has since left Delaware until cooler heads prevail.

A member of Delaware State Police *assaulted* defendant without either justification or provocation in an attack that ought to have been captured on the member's dash camera while he was sitting parked in his wife's vehicle and, consequently, set this entire chain of events into motion. Defendant immediately filed a *criminal* complaint against the member. To cover himself, either the member or a colleague has decided to improperly file *clearly* retaliatory criminal charges against defendant in order to cleverly assign him a permanent arrest record in the State of Delaware, which would help mitigate the member's culpability with respect to defendant's assault allegation.

Defendant has attached correspondence with respect to the formal assault complaint filed against Cpl. Terranova with Delaware State Police's Office of Professional Responsibility, which has apparently done *nothing* to date to investigate this serious allegation in clear violation of both state as well as federal statute. Today, a $30,000,000 Federal civil rights complaint (Index No. 07-687) was also filed against Cpl. Terranova as well as the agency as promised in District of Delaware. Defendant disputes the retaliatory criminal charges vehemently. They are sour grapes.

The paper trail provided to this court ought to be persuasive enough to obtain an Order to quash an improperly obtained arrest warrant, consolidate the 2 initial summons issued by Cpl. Terranova returnable on November 10th, and issue a Summons and new Court date appearance in its stead pursuant to Rule 4 (Rules Governing Criminal Procedure For The Justice Of The Peace Court Of The State Of Delaware), which ought to be mailed to defendant at his New York address.

Issuance of an arrest warrant is not *mandatory* but *discretionary*. However, in this particular case it is predicated on false and/or misleading information. Defendant does not believe members of the agency had legal standing to bring these obviously ridiculous charges - i.e., littering, destruction of property, obscene language, vandalism - as they were not witnesses to the alleged events described and, more importantly, they allegedly occurred on private property.

More importantly, despite overwhelming documentary evidence that the charges were fabricated, defendant is not asking for them to be dismissed in the interest of justice. He is willing to face the bar of justice but under his own steam, not brought before the Court like a common criminal with a permanent arrest record in the State of Delaware that would impugn both his character and reputation. Many defendants do not understand the collateral consequences of an arrest record even where the matter has been resolved in favor of the defendant in this age of high-speed Internet background check services selling often inaccurate court records without updates to anyone willing to pay a nominal fee. Defendant does, however, and will not stand by idly while his reputation is besmirched by over reaching, fabricated allegations that cannot stand the light of truth, or a vigorous defense. Therefore, he respectfully requests that the Court grant his motion in the interest of justice, and quash the improperly obtained arrest warrant.

Thank you. I remain,

Yours,

Dennis Shipman

cc: Hon. Bonita Lee, Deputy Chief Magistrate
    Wilmington Region
    Justice of the Peace Court No. 13
    1010 Concord Avenue
    Wilmington, DE 19802

    Hon. Beau Biden, Esq.,
    Attorney General
    820 North French Street
    Wilmington, DE 19801
    302-577-2610

Dennis Shipman
231-27 Merrick Boulevard Laurelton, New York 11413
347-251-6140

October 31, 2007

Personal & Confidential (By Facsimile & Certified Mail)
State of Delaware
Hon. Beau Biden, Attorney General
820 North French Street, Wilmington, DE 19801 302-577-2610

Re: Complaint # 02-07-099919

Dear Mr. Biden:

Please see attached correspondence. I have never had a warrant sworn out for my arrest after turning a donut in a private lot. It is beyond ridiculous. If I really "destroyed property, or vandalized anything but the ground," that action ought to result in a civil and not in a criminal complaint.

Moreover, I believe both the outrageous charges and the arrest warrant is over reaching as well as retaliatory. Giving everyone the benefit of the doubt, *nothing* I did allegedly rises to the level of a crime. Although there are civil right issues involved here, I have a major problem with being treated like a common criminal: compelled to surrender for turning a donut in a private parking lot, with no pedestrians present, and made to do a prep walk like a terrorist, which would imperil my civil service career.

I am waiting for an attorney in Delaware to contact me here in New York but I ask respectfully for an expedited administrative review of this matter for reasons already stated. A simple arrest whether I am exonerated or not would have a disastrous consequence on my government service. And I do not believe given the circumstances as revealed by a cursory investigation, preceding events, and the resulting charges will justify the warrant, or demonstrate that I am being treated fairly or equitably here.

The Delaware State Police obviously are circling wagons to protect one of their own, and the warrant would give them legal *carte blanche* to besmirche both my reputation as well as character. If after an expedited administrative review the Attorney General's office believes the charges are justified, I respectfully ask that a summons be substituted for the arrest warrant and forwarded to me here in New York so that I can respond without fear of being taken into custody on such a shoddy complaint, which is clearly retaliatory, malicious, would not survive a vigorous defense, and lends credence to aforementioned suspicions.

Thank you. I remain,

Yours,

Dennis Shipman

JUSTICE OF THE PEACE COURT
J.P. Court 11

_____

STATE OF DELAWARE

v.                                             Complaint No. 02-07-014077
                                               Motion To Quash Arrest Warrant And Issuance
Dennis Shipman,                                Of A Summons And Court Date Appearance
Defendant

_____

**PLEASE TAKE NOTICE**, that upon the annexed affidavit, sworn to the 2nd day of November, 2007, a

Motion will be made at a term of this Court to be held in New Castle, Delaware on the day   of

November, 2007, quashing arrest warrant, consolidating the 2 initial summons issued by Delaware State

Police Cpl. Terranova and issuing a Summons and new Court date appearance in its stead pursuant to

Rule 4 (Rules Governing Criminal Procedure For The Justice Of The Peace Court Of The State Of

Delaware).

Dated: November 1, 2007

                                               _____
                                               Dennis Shipman/Defendant
                                               231-27 Merrick Boulevard
                                               Laurelton, New York 11413-2111
                                               347-251-6140

STATE OF DELAWARE
JUSTICE OF THE PEACE COURT

_____

STATE OF DELAWARE

v.                                           Complaint No. 02-07-014077
                                             Affidavit In Support of Motion

Dennis Shipman,
Defendant

_____

I, Dennis Shipman, born on February 5, 1960, being duly sworn does depose and say:

I am the defendant named as in the above titled action.

I reside at 231-27 Merrick Boulevard, Laurelton, Queens County, New York  11413-2111.

I seek a motion to quash an improperly obtained arrest warrant, and issuance of a summons and court

appearance date in it stead.

Defendant has a good and meritorious motion in that he visited the Delaware residence of his estranged

wife on or about October 21st. They became involved in a heated argument, which caused defendant to

leave the residence at approximately 1930 hours. Not knowing many people in New Castle generally or

Delaware particularly, and being a Sunday evening, not wanting to bother anyone if he did, defendant

drove up to, and pulled around the corner of newly constructed strip mall on State Route 13. Behind the

strip mall was a dark access road. Defendant pulled over to settle down and reflect before deciding

whether to return home that evening. Approximately ten to fifteen minutes later, a slow moving vehicle

started driving south toward defendant 's vehicle from behind without any lights on. Once the vehicle got

within 10 feet of defendant's wife's truck, dome strobs, head and spot lights began to flash and shine.

Defendant was startled as he was already parked, had not done anything, had not been drinking, had no

one in the vehicle with him, and no illegal weapons, drugs or contraband. An indistinct figure walked to

the side of defendant's vehicle out of eyesight but close enough to shine a flashlight into defendant's face.

Defendant could not see either the vehicle, the officer's insignia, badge, patch or other identifiers.

When the trooper asked defendant what he was doing in the area with "expired" tags, defendant respectfully told the trooper that he was minding his business, that he ought to provide an official ID card, or issue a ticket for the expired tags if that violation was the probable cause used to detain defendant and let him be on his way.

Cpl. Terranova began yelling at defendant stating "I'm a state trooper in full uniform," "what is your problem?" "Are you drunk?" "Gimme your license, registration and insurance card." Frightened defendant had to search frantically for the insurance card but immediately complied with Terranova's directive, although he still could not see the officer's uniform, and gave him his license. The "trooper" called in a suspicious vehicle alert well as for back-up, and asked defendant to step out of his vehicle.

When defendant attempted to comply, Terranova immediately *assaulted* defendant by pushing him in the chest, causing him to fall backwards into his vehicle. Defendant demanded that Terranova either arrest, or not touch him again. Defendant also repeated that he wanted to see an official photo ID, as the officer's conduct was so unprofessional and antagonistic, plaintiff had genuine suspicions that the "trooper" was an impostor masquerading as a police officer (similar to cases that have been reported in a border state as well as in Delaware).

Cpl. Terranova said he wasn't giving defendant anything, and ordered him to put out his hands, placed handcuffs on and, threw him on the hood of a car, searched, and placed him in back of his vehicle all in an endeavor to impress a female dressed in plain clothes riding along with him. Terranova then proceeded to search defendant's wife's truck without permission, or any suggestion that he had a "reasonable suspicion" to believe a crime had been, or was about to be committed beyond the initial false report he called in about suspicious vehicle alert. Terranova then called for a tow truck, and continued to try and question defendant. Unfortunately, he is obviously unaware of the United States Constitution, and needs a crash course on the Bill of Rights, which although severely decimated under the Bush administration still in fact exist. Defendant does *not* have to answer any questions from a member of the law enforcement community beyond identifying himself.

If a police officer has probable cause to believe a crime has been committed, s/he has the authority to place the accused under arrest. A police officer cannot use citizen's constitutional right to remain silent to violate his right to be free of unlawful search and seizure. The entire sequence of events ought to have been recorded on the complained about DSP member's dash camera. The insurance card was indeed in the vehicle but defendant was unable to obtain it being handcuffed and, thereby, illegally detained in the back seat of the Terranova's car. Defendant was issued summons that are returneable in J.P. Court 11 on November 10th for failing to have insurance card in possession, which is simply untrue, and having expired tags.

When defendant went to pick up the vehicle on Monday, October 22nd, he was charged for "storage" although the company caused the storage charge itself by not immediately releasing the vehicle although defendant asked Reynolds Towing to after being released from illegal detention. Defendant also made a formal complaint about the assault, and illegal detention and conversion of property to a Troop 2 Lieutenant immediately after obtaining the vehicle who has not to date responded. Defendant submitted a written complaint to Delaware State Police Office of Professional Responsibility. He followed up with a telephone call to a supervisor name Lieutenant Slank.

Lt. Slank informed defendant that Delaware State Police policy required them to tape all complaints about its members but that he would immediately obtain Terranova's dash camera memory card. Defendant conferred with a colleague licensed to practice in Delaware who advised him not to submit to a taped interview as she was unaware of any Delaware law that allowed anyone police officer or civilian to skirt prosecution for a crime as serious as assault because the complainant does not want his complaint recorded but written, and also to request questions in writing.

Defendant believes the policy was enacted through clever collective bargaining to allow rogue cops such as Terranova and his supporters to escape the consequences of their actions: having a toothless Office of Professional Responsibility bound by internal policy from essentially enforcing laws against members of its own rank gives license to bad cops like Terranova to abuse citizens rights until they eventually murder someone under color of authority.

On October 31st defendant's wife's family frantically contacted him about a letter left by a state trooper claiming to want to speak with him. Defendant asked them to open it, and was stunned to learn that a warrant had been issued for his arrest allegedly for "littering," using "obscene language," "destruction of property" and "vandalism" *et cetera* on Tuesday, October 22nd, one day *after* defendant formally filed his complaint for assault against Terranova. Reynolds Towing claimed they *did not* swear out the those specific charges and/or arrest warrant, and that they *only* contacted Delaware State Police to indemnify their business because of minor scratches on a freshly painted vehicle allegedly caused by plaintiff cutting a donut on a gravel covered parking lot, which they claim ironically was caught by their surveillance system.

If that assertion is true, Delaware State Police had no standing to swear out these charges. They did not witness them video record notwithstanding and, more importantly, they occurred on private property. Defendant disputes that cutting a donut could have caused *any* scratches on a vehicle that were not already there or, more importantly, rises to the level of a *crime* while a uniformed DSP member who *assaulted* defendant *on camera* has *not* been placed on administrative leave, arrested, charged or questioned about that allegation because defendant does not wish to submit to a taped interview per legal advice.

Moreover, the charges that have been falsely levied against defendant if anything are civil and not criminal: tenuous justification to begin a witch hunt into defendant 's background *ex post facto* hoping to find some skeleton, which Terranova hopes will be exculpatory, and was unable to do without raising more red flags than his initial conduct ought to have by competent supervisors and managers.

If there was probable cause to believe a crime had been committed it should have been resolved with a summons and a court date, not an arrest warrant signed off on by a DSP supervisor and/or approved by a DSP lawyer that ought to have been aware of the outstanding assault complaint against Terranova by plaintiff, which to date has not been prosecuted, Troop *corp d'esprit* and, thereby, how other equally biased Delaware State Police members may respond to a complaint where plaintiff is involved.

The false charges and resulting arrest warrant is patently retaliatory, an obvious abuse of authority while acting under color of law and, more importantly, a deliberate attempt to impugn plaintiff's character with a permanent arrest record by Delaware State Police members and weak, politico-managerial personnel impotent to control rogue elements that bring shame and disgrace into their ranks by attempting to shield young Mr. Terranova from the consequences of his abusive, illegal conduct.

The JP Court Magistrate who signed off on the arrest warrant has full discretion to do so pursuant to Rule 4 (Rules Governing Criminal Procedure For The Justice Of The Peace Court Of The State Of Delaware). However, given the sequence of events, the fact that either Cpl. Terranova or a colleague deliberately mislead the Court, improperly swore out a complaint that they had no standing to do, and obtained this arrest warrant after defendant filed a formal complaint against him with both Troop 2 as well as Delaware State Police's Office of Professional Responsibility the day before, clearly indicates that the warrant was obtained under false pretenses and ought to be quashed as a consequence. Defendant is not asking that the charges be dismissed in the interest of justice. He is prepared to take the matter to trial. However, he will not be brought to the bar of justice like a common criminal by Delaware State Police who have assaulted him, violated his constitutional rights, abused their authority, and now seek to paint him as a malcontent, or ne're-do-well, to justify their misfeasance.

Defendant respectfully requests that an Order be granted: quashing arrest warrant, consolidating the 2 initial summons issued by Cpl. Terranova and issuing a Summons and new Court date appearance in its stead pursuant to Rule 4 (Rules Governing Criminal Procedure For The Justice Of The Peace Court Of The State Of Delaware).

Defendant has not made a previous application for this or similar relief.

Sworn to before me
this 2nd day of November 2007

_____
Dennis Shipman

_____
Notary Public

DAVID A. DAVIS
14 2 DUPONT HWY.
NEW CASTLE, DE 19720
MY COMMISSION EXPIRES
27 JUNE 2010
NOTARY PUBLIC   STATE OF DE

Dennis Shipman
718 Binnewater Lane
Kingston, New York 12401

October 23, 2007

By Facsimile & Certified Mail
Delaware State Police
Office of Professional Responsibility
Post Office Box 430
Dover, DE 19903-0430
Attn: Captain Paul Smentkowski

Re: Terranova, Nicholas Officer IBM: 03437

Dear Captain Smentkowski:

I spoke to a member of your unit yesterday about this extremely serious allegation. Lieutenant Slank tentatively scheduled a formal interview on Friday at Troop 2 in New Castle. A citizen has every right to demand albeit respectfully photographic identification from a member of a police agency whether s/he is in full uniform or not. Uniforms and vehicles can be easily copied. The instant complaint, which occurred on or about October 21ˢᵗ at approximately 1930 hours, a state trooper stopped behind complainant who was *already* parked in an extremely poorly lighted area behind Pocket's on State Route 13 in New Castle. Complainant could not see either the vehicle, the trooper's insignia, badge, patch or other identifiers.

When trooper asked what complainant was doing in the area with "expired" tags, complainant told the trooper that he was minding his business, and that he ought to provide an official ID card, and to issue a ticket for the expired tags if that violation was the probable cause used to detain complainant. Cpl. Terranova began yelling at complainant stating "I'm a state trooper in full uniform," "what is your problem?" "Are you drunk?" "Gimme your license, registration and insurance card." Complainant had to search for the insurance card but immediately complied with the Terranova's directive, although he still could not see the officer's uniform, and gave him his license.

The "trooper" called in a suspicious vehicle alert s well as for back-up, and asked complainant to step out of his vehicle. When complainant attempted to comply, Terranova immediately *assaulted* complainant by pushing him in the chest, causing him to fall backwards into his vehicle. Complainant demanded that Terranova either arrest, or not touch him again. Complainant also repeated that he wanted to see an official photo ID, as the officer's conduct was so unprofessional and antagonistic, complainant had genuine suspicions that the "trooper" was an impostor masquerading as a police officer (similar to cases that have been reported in a border state as well as right here in Delaware). Cpl. Terranova told complainant to put out his hands, placed handcuffs on complainant, threw him on the hood of a car, searched him, and placed him in back of his vehicle all in an endeavor to impress a female dressed in plain clothes riding along with him.

Terranova then proceeded to search complainant's truck without permission, or any suggestion that he had a "reasonable suspicion" to believe a crime had been, or was about to be committed beyond the initial false report or ruse depending on one's perspective when Terranova called in a suspicious vehicle alert. Terranova then called for a tow truck, and continued to try and question complainant. Unfortunately, he is obviously unaware of the United States Constitution, and needs a crash course on the Bill of Rights, which although severely decimated under the Bush administration still in fact exist.

Complainant does *not* have to answer any questions from a member of the law enforcement community beyond identifying himself. If a police officer has probable cause to believe a crime has been committed, s/he has the authority to place the accused under arrest. A police officer cannot use citizen's constitutional right to remain silent to violate his right to be free of unlawful search and seizure. The entire sequence of events ought to have been recorded on the complained about DSP member's dash camera. The insurance card was indeed in the vehicle but complainant was unable to obtain it being handcuffed and, thereby, illegally detained in the back seat of the Terranova's car.

When complainant went to pick up the vehicle this morning, he was charged for "storage (as well as the tow for a grand total of $150, which complainant is formally filing a Notice of Claim against DSP by this letter)," although the company caused the storage charge itself by not immediately releasing complainant's vehicle although he asked them to immediately after being released from an illegal detention. This scam, which will result in a separate small claims action against the tow company, could have been avoided if DSP had policy in effect requiring a shift commander's clearance for all tows instead of relying on the good will and professionalism of its members not to abuse their considerable often unfettered authority.

Moreover, DSP policy regarding complaints against uniformed members of the agency is not binding on complainant. After conferring with counsel, complainant will not present himself for a "taped" interview.  However, if DSP investigators have specific questions with respect to the assault and abuse of authority complaint that has been levied against Cpl. Terranova, please put them in writing, and complainant will submit a written response.

Thank you. I remain,

Yours,

Dennis Shipman

cc: Col. Thomas McLeich

Dennis Shipman
231-27 Merrick Boulevard
Laurelton, New York 11413

October 31, 2007

By Facsimile & Certified Mail
Delaware State Police
Post Office Box 430
Dover, DE 19903-0430
Attn: Col. Thomas McLeich

Re: Complaint # 02-07-099919

Dear Col. McLeach:

I spoke to Lieutenant Slank this morning with respect to a criminal complaint filed against me by member(s) of DSP on Tuesday, October 23rd, which was made one day after I formally complained to the Office of Professional Responsibility about Cpl. Terranova's assault. I do not see Cpl. Terranova being arrested for the assault, however. Instead, I now find myself facing highly dubious criminal charges for spinning out of a private parking lot after having a vehicle I do not own illegally confiscated on a false report issued by a member of this agency.

I also see this trooper being improperly accorded extra-judicial privilege despite a dash camera record supporting my allegations against him. I have not received interrogatories requested from DSP Internal Affair's investigators because I will not subject myself to a "taped" hearing to make a formal criminal complaint. I have no reason but to assume the false charges and resulting arrest warrant is retaliatory, an obvious abuse of authority and, more importantly, a deliberate attempt to impugn my character with a permanent arrest record by DSP members attempting to shield Terranova from the consequences of his abusive conduct.

Reynolds Towing claimed that they *only* contacted DSP to indemnify their business because of minor scratches on a vehicle allegedly caused by cutting a donut on a gravel covered parking lot. I dispute that cutting a donut could have caused *any* scratches on a vehicle that were not already there or, more importantly, rises to the level of a *crime* while a DSP member who *assaulted* me on camera has not been arrested, charged or questioned about that allegation. What is wrong with this picture?

Moreover, if it is anything, which is extremely questionable, it is a civil and not a criminal issue. If there was probable cause to believe a crime had been committed it should have been resolved with a summons and court date, not an arrest warrant. Reynolds Towing claimed they *did not* swear out the arrest warrant (and my people spoke with them this morning after my wife's family frantically contacted me about a letter left by a state trooper claiming to want to speak with me), which contains obviously false charges such as littering, obscene language, destruction of property and vandalism *et cetera*. Whoever reviewed these charges before presenting them to the JP magistrate for an arrest warrant erred grievously.

DSP Office of Professional Responsibility is not acting responsibly by refusing to reign in out-of-control state troopers who are now imperiling both my life as well as liberty with patently false charges and improperly obtained, highly tenuous arrest warrants. I will not subject myself to a "taped" interview to make a formal criminal complaint.

Neither Reynolds Towing nor the DSP members involved in trumping up these charges were required to do so in order to file criminal charges against me, and the same *exact* standard has to apply toward everyone accused of a crime whether police officer or civilian. I am retaining Delaware counsel, initiating a formal Federal civil rights action against DSP, referring the matter to both Gov. Miner's as well as Beau Biden's office, and letting the chips fall where they may.

I am waiting to speak with an attorney, and will make arrangements *through* him to resolve this issue within 72 hours. Please *cease* and *desist* from harassing either my wife or her family who lives at the address where the trooper attempted to execute the warrant. We are separated, I *do not* live in Delaware. Young school aged, children do, however, and it is both frightening and embarrassing to have police officers coming to this house looking to execute an arrest warrant.

Thank you, I remain,

Yours,

Dennis Shipman

cc: Hon. Beau Biden

# AFFIDAVIT

I, Derrick Gore, being duly sworn does depose and say, on October 21st at approximately 2030 hours, I was contacted by Dennis Shipman. A vehicle owned by his wife had been towed by Reynolds Towing at the request of Delaware State Police. I picked Mr. Shipman up in the parking lot of Pockets Liquor Store on State Route 13 in New Castle. I started driving toward Reynolds Towing to retrieve the vehicle but suggested that we call first. We spoke with a dispatcher there who said the company was closed. We drove back to New Castle. On Monday, October 22nd, at approximately 0830 hours, Mr. Shipman and I drove to Reynolds Towing to retrieve his wife's vehicle. Mr. Shipman paid the charges in cash, and went to a gravel covered storage lot where the truck was parked haphazardly between two other vehicles, with the interior clearly ransacked, and some minor but clearly new exterior blemishes that Mr. Shipman dismissed saying, "let's just get out of here." I observed Mr. Shipman drive out of the parking lot *without* hitting, striking, backing into, side swiping, or otherwise causing any *deliberate* damage to any other vehicle on the lot. Any wheel spinning was the direct result of the loose, pebble and gravel covered lot, and not any malicious act that I could observe from less than 30 feet away in my van by Mr. Shipman. This morning, Wednesday, October 31st, Mr. Shipman called me from New York and said that his wife's house was visited by yet another State Trooper claiming that Mr. Shipman's actions doing a donut in the parking lot of Reynolds Towing that allegedly caused damage to cars parked there. That is simply not possible. All cars built during the last 20 years are finished with a clear coat that resist scratches, dings, dents, and blemishes associated with highway driving. Anything older would have been damaged as a consequence of age. So, I do not know what the problem is between Mr. Shipman and Delaware State Police, or why anyone at Reynolds would call, deliberately make a false report without first speaking with the alleged perpetrator. But I was there when the truck was picked up. I have no beef with either Reynolds Towing, or Delaware State Police, and have no reason to lie for anyone. I did *not* observe Mr. Shipman hitting, striking, backing into, side swiping, or otherwise deliberately causing damage to any vehicle in that lot that would give rise to any *criminal* charges, and cannot understand why anyone would sign out a warrant for Mr. Shipman's arrest.

Signed and sworn to on
October 31st, 2007

_____
Derrick Gore

_____
Notary Public

DAVID A. DAVIS
2612 DUPONT HWY,
NEW CASTLE, DE 19720
MY COMMISSION EXPIRES
27 JUNE 2010
NOTARY PUBLIC - STATE OF DE