IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-687-***-LPS |
| | ) |
| STATE OF DELAWARE, DELAWARE | ) |
| STATE POLICE, CORPORAL | ) |
| NICHOLAS TERRANOVA, TROOPER | ) |
| JOHN DOE, and REYNOLDS | ) |
| TOWING, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this ___day of November, 2007, having considered plaintiff's letter/motion for an emergency temporary restraining order (D.I. 8), and the papers submitted thereto;

IT IS ORDERED that the letter/motion is **denied**, for the reasons that follow:

1. **Background**. Plaintiff, David Shipman, who proceeds pro se, filed a letter/motion seeking emergency injunctive relief. He seeks an order enjoining defendants from executing, what he believes are improperly obtained, arrest and bench warrants issued by a Delaware Justice of the Peace Court pending a final disposition in this civil rights case. Plaintiff alleges the warrants for his arrest on criminal violations were issued after he lodged a formal assault complaint against defendant Corporal Nicholas Terranova ("Terranova") for Terranova's alleged actions during a traffic stop the evening of October 21, 2007.

2. **Standard**. When considering a motion for a temporary restraining order or

preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

    3. **Discussion**. Plaintiff states that if an injunction does not issue he will suffer immediate and irreparable injury, loss, and damages in his reinstatement to a sensitive security position in New York state government. He indicates reinstatement has been held in abeyance pending an exhaustive nationwide background check and that a permanent arrest record, whether justified or not, will immediately show up on background checks and result in a formal denial of reinstatement to the security position.

    4. The court will deny the motion on the basis of the Younger abstention doctrine. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. at 37, 45 (1971). Younger provides that federal courts may not stay or enjoin pending state criminal proceedings except under special circumstances. Id. The court finds that plaintiff's position for issuance of an injunction does not provide sufficient

special circumstance to convince the court to take the extraordinary step of issuing an injunction to enjoin the execution of state issued criminal bench and arrest warrants pending disposition of the civil rights action plaintiff has filed in this court.

    5. **Conclusion**. Therefore, the letter/motion for an emergency temporary restraining order (D.I. 8) is **denied**.

                                                    */s/ [signature]*
                                                    United States District Judge