UNITED STATES DISTRICT COURT
District of Delaware

Dennis Shipman,
Plaintiff, *Pro Se*                                    Civil Case No.: 07-CV-00678

vs.

The State of Delaware; Delaware State Police;
Corporal Nicholas Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)

## MEMORANDUM OF LAW

1. Despite Justice of the Peace Court Chief Magistrate Alan Davis' protestations to the contrary, the United States and Delaware constitutions guarantee that the state cannot deny people life, liberty, or property *without* due process of law. US Const, Am XIV; Const 1963, art 1, 17. Due process, which is similarly defined under both constitutions, specifically enforces the rights enumerated in the Bill of Rights, and it provides for both substantive and procedural due process. Daniels v Williams, 474 US 327, 337; 106 S Ct 662; 88 L Ed 2d 662 (1986).

2. Procedural due process limits actions by the government and requires it to institute safeguards in proceedings that affect those rights protected by due process, such as life, liberty, or property. Procedural due process is essentially based on the concept of "fundamental fairness". As construed by the courts, it includes an individual's right to be adequately notified of charges or proceedings, and the opportunity to be heard at these proceedings. Procedural due process has also been an important factor in the development of the law of personal jurisdiction.



FILED
NOV 26 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PO scanned

3. In the United States, criminal prosecutions and civil cases are governed by explicit guarantees of procedural rights under the Bill of Rights, most of which have been incorporated under the Fourteenth Amendment to the States. *Due process has also been construed to generally protect the individual so that statutes, regulations, and enforcement actions must ensure that no one is deprived of "life, liberty, or property" without a fair opportunity to affect the judgment or result.* This protection extends to all government proceedings that can result in an individual's deprivation, whether civil or criminal in nature, from parole violation hearings to administrative hearings regarding government benefits and entitlements to full-blown criminal trials. In criminal cases, many of these due process protections overlap with procedural protections provided by the Eighth Amendment to the United States Constitution, which guarantees reliable procedures that protect innocent people from being punished, which would be tantamount to cruel and unusual punishment.

4. In 1934, the United States Supreme Court held that due process is violated "if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental". Therefore, despite the Chief Magistrate's protestations to the contrary there is no provision under either the United States or Delaware Constitution to let stand an arrest warrant, which is predicated on the reckless disregard for the truth. To suggest otherwise is a perversion of justice and, as such, is as unconscionable as it is unjust and has risen to an actionable constitutional injury.

5. Moreover, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request.

6. By the JP Court's own admission, "the warrant process is by definition an *ex parte* procedure." Moreover, a party seeking *ex parte* relief must "make an affirmative factual showing . . . of irreparable harm, immediate danger, or any other statutory basis for granting *ex parte* relief rather than setting the matter for hearing on noticed motion." A cursory review of the record will show that the J.P. Court 11 Magistrate who issued the arrest warrant challenged herein treated what ought to be an "extraordinary request" like a routine matter. The affiant's affidavit was given equally extraordinary weight considering there were dispositive and other significant motions pending in this case, which with instant Court, JP Court administration and Delaware State Police administrators who had to approve the application were clearly aware.

7. The Justice of the Peace court here therefore erred in refusing to examine the adequacy of plaintiff's proffer of misrepresentation in the warrant affidavit. The Justice of the Peace Court has been provided with overwhelming documentary evidence substantiating the fact that the arrest warrant was granted by a magistrate deliberately mislead by Terranova's confederate. The magistrate was unaware of the outstanding assault complaint against Terranova by plaintiff, which to date has not been prosecuted, Troop *corp d'esprit* and, thereby, how other equally biased Delaware State Police members may respond to an alleged complaint where plaintiff was involved.

8. Moreover, "to mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. The allegation of deliberate falsehood or of reckless disregard must point out specifically with supporting reasons the portion of the warrant affidavit that is claimed to be false. It also must be accompanied by an offer of proof, including affidavits or sworn or otherwise reliable statements of witnesses, or a satisfactory explanation of their absence." Defendant has not only met but also clearly exceeded that test. P. 171.

> (a) If these requirements as to allegations and offer of proof are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required, but if the remaining content is insufficient, the defendant is entitled under the Fourth and Fourteenth Amendments to a hearing. Pp. 171-172. Franks v. Delaware, 438 US 154 (1978)
>
> (b) If, after a hearing, a defendant establishes by a preponderance of the evidence that the false statement was included in the affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the warrant *must be voided* . . . to the same extent as if probable cause was lacking on the face of the affidavit. Pp. 155-156.

9. " First, a flat ban on impeachment of veracity could denude the probable-cause requirement of all real meaning. The requirement that a warrant not issue "but upon probable cause, supported by Oath or affirmation," would be reduced to a nullity if a police officer was able to use deliberately falsified allegations to demonstrate probable cause, and, having misled the magistrate, then was able to remain confident that the ploy was worthwhile.

10. "It is this specter of intentional falsification that, we think, has evoked such widespread opposition to the flat nonimpeachment rule from the commentators, from the American Law Institute in its Model Code of Pre-Arraignment Procedure, SS290.3 (1) (Prop. Off. Draft 1975), from the federal courts of appeals, and from state courts. On occasion, of course, an instance of deliberate falsity will be exposed and confirmed without a special inquiry either at trial, see United States ex rel. Petillo v. New Jersey, 400 F. Supp. 1152, 1171-1172 (NJ 1975), vacated and remanded by order sub nom. Albanese v. Yeager, 541 F.2d 275 (CA3 1976), or at a hearing on the sufficiency of the affidavit, cf. United States v. Upshaw, 448 F.2d 1218, 1221-1222 [438 U.S. 154, 169] (CA5 1971), cert. denied, 405 U.S. 934 (1972). A flat nonimpeachment rule would bar re-examination of the warrant even in these cases.

11. "Second, the hearing before the magistrate not always will suffice to discourage lawless or reckless misconduct. The pre-search proceeding is necessarily ex parte, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove evidence. The usual reliance of our legal system on adversary proceedings itself should be an indication that an ex parte inquiry is likely to be less vigorous. The magistrate has no acquaintance with the information that may contradict the good faith and reasonable basis of the affiant's allegations. The pre-search proceeding will frequently be marked by haste, because of the understandable desire to act before the evidence disappears; this urgency will not always permit the magistrate to make an extended independent examination of the affiant or other witnesses.

12. "Third, *the alternative sanctions of a perjury prosecution, administrative discipline, contempt, or a civil suit are not likely to fill the gap*. Mapp v. Ohio implicitly rejected the adequacy of these alternatives. Mr. Justice Douglas noted this in his concurrence in Mapp, 367 U.S., at 670, where he quoted from Wolf v. Colorado, 338 U.S. 25, 42 (1949): "'Self-scrutiny is a lofty ideal, but its exaltation reaches new heights if we expect a [State's] Attorney to prosecute himself or his associates for well-meaning violations of the search and seizure clause during a raid the District Attorney or his associates have ordered.'"

13. "Fourth, allowing an evidentiary hearing, after a suitable preliminary proffer of material falsity, would not diminish the importance and solemnity of the warrant-issuing process. It is the ex parte nature of the initial hearing, rather than the magistrate's capacity, that is the reason for the review. *A magistrate's determination is presently subject to review before trial as to sufficiency without any undue interference [438 U.S. 154, 170] with the dignity of the magistrate's function.* (emphasis defendant's) Our reluctance today to extend the rule of exclusion beyond instances of deliberate misstatements, and those of reckless disregard, leaves a broad field where the magistrate is the sole protection of a citizen's Fourth Amendment rights, namely, in instances where police have been merely negligent in checking or recording the facts relevant to a probable-cause determination.

14. "Fifth, the claim that a post-search hearing will confuse the issue of the defendant's guilt with the issue of the State's possible misbehavior is footless. The hearing will not be in the presence of the jury. An issue extraneous to guilt already is examined in any probable-cause determination or review of probable cause. Nor, if a sensible threshold showing is required and sensible substantive requirements for suppression are maintained, need there be any new large-scale commitment of judicial resources; many claims will wash out at an early stage, and the more substantial ones in any event would require judicial resources for vindication if the suggested alternative sanctions were truly to be effective. The requirement of a substantial preliminary showing should suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction. And because we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made. McCray v. Illinois, 386 U.S. 300 (1967), the Court's earlier disquisition in this area, concluded only that the Due Process Clause of the Fourteenth Amendment did not require the State to expose an informant's identity routinely, upon a defendant's mere demand, when there was ample evidence in the probable-cause hearing to show that the informant was reliable and his information credible.

15. "Sixth and finally, as to the argument that the exclusionary [438 U.S. 154, 171] rule should not be extended to a "new" area, we cannot regard any such extension really to be at issue here. Despite the deep skepticism of Members of this Court as to the wisdom of extending the exclusionary rule to collateral areas, such as civil or grand jury proceedings, the Court has not questioned, in the absence of a more efficacious sanction, the continued application of the rule to suppress evidence from the State's case where a Fourth Amendment violation has been substantial and deliberate. See Brewer v. Williams, 430 U.S. 387, 422 (1977) (BURGER, C. J., dissenting); Stone v. Powell, 428 U.S., at 538 (WHITE, J., dissenting). We see no principled basis for distinguishing between the question of the sufficiency of an affidavit, which also is subject to a post-search re-examination, and the question of its integrity.

## CONCLUSION

1. By the lower Court's own admission, the issuance of the arrest warrant challenged herein raises more constitutional questions than it answers. Questions such as the impartiality and, more importantly, the troubling jurisprudence or lack thereof exhibited by the Justice of the Peace Court *after* being notified of defects in the affidavit; namely, the Court's intransigence in refusing to cure an error of its own making thereby adding insult to injury. Under Rule 9 (Rules Governing Justice of the Peace Court), clearly provide discretion to a magistrate to issue a summons as opposed to an arrest warrant if it finds probable cause to believe a crime has been committed.

2. The state's position begs the question: why is it determined to pursue an arrest warrant for relatively minor but also clearly trumped up charges when the plaintiff has already shown that he has been injured at the hands of the very same agency swearing out the arrest warrant. That fact alone ought to mitigate against an arrest warrant by any impartial court.

3. Plaintiff is hard pressed to ascertain how the magistrate made the tremendous leap of logic it took for him to find probable cause to believe that a crime been committed herein. Plaintiff allegedly turned a "donut" on a gravel and dirt filled lot on private property, which the caretaker falsely claimed caused damage to other vehicles in the lot, and that singular maneuver rises to the level of 5 separate criminal charges.

4. It is a preposterous allegation on it face. And there is *no* Federal or state statute, amendment, precedent or case law, which would support the lower Court's fantastic assertion that an arrest warrant issued under those circumstances with the misinformation that had had to have been provided to the magistrate in order for him to find probable cause has to stand.

5. Conversely, precedent *does* exist with respect to the issues raised by plaintiff and, more importantly, was settled here in the first state when the Supreme Court of Delaware held, as a matter of first impression for it, that a defendant under no circumstances may so challenge the veracity of a sworn statement used by police to procure a [search] warrant.

6. The United States Supreme Court in its wisdom reversed that decision, and held that, where the defendant makes a substantial preliminary evidence showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, *requires* that a hearing be held at the defendant's request.

7. Moreover, In re Haines: *pro se* litigants are held to less stringent pleading standards than duly licensed attorneys. Regardless of the deficiencies in their pleadings, *pro se* litigants are entitled to the opportunity to submit [additional] evidence in support of their claims. In re Platsky *et al*: the court errs if court dismisses the *pro se* litigant's pleading(s) without instruction of how pleading(s) are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Haines v Kenner, 404 US 519, (1972)

8. The notion that there may be incorrect or even deliberately falsified information presented to a magistrate in the course of an effort to obtain a search warrant does not render the proceeding before a magistrate any different from any other factfinding procedure known to the law. The Court here says that "it would be an unthinkable imposition upon [the magistrate's] authority if a warrant affidavit, revealed after the fact to contain a deliberately or recklessly false statement, *were to stand beyond impeachment*." Ante, at 165. I do not believe that this flat statement survives careful analysis.

9. If the function of the warrant requirement is to obtain the determination of a neutral magistrate as to whether sufficient grounds have been urged to support the issuance of a warrant, that function is fulfilled at the time the magistrate concludes that the requirement has been met. Like any other determination of a magistrate, of a court, or of countless other factfinding tribunals, the decision may be incorrect as a matter of law. Even if correct, some inaccurate or falsified information may have gone into the making of the determination. But unless we are to exalt as the ne plus ultra of our system of criminal justice the absolute correctness of every factual determination made along the tortuous route from the filing of the complaint or the issuance of an indictment to the final determination that a judgment of conviction was properly obtained, we shall lose perspective as to the purposes of the system as well as of the warrant requirement of the Fourth and Fourteenth Amendments. Much of what Mr. Justice Harlan said in his separate opinion in Mackey v. United States, 401 U.S. 667 (1971), with respect to collateral relief from a criminal conviction is likewise applicable to collateral impeachment of a search warrant:

> "At some point, the criminal process, if it is to function at all, must turn its attention from whether a man ought properly to be incarcerated to how he is to be treated once convicted. If law, criminal or otherwise, is worth having and enforcing, it must at some time provide a definitive answer to the questions litigants present or else it never provides an answer at all. Surely, it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.

10. The Justice of the Peace Court here therefore erred in adamantly refusing to examine the adequacy of petitioner's proffer of misrepresentation in the warrant affidavit. Pp. 155-156; 164-172. [438 U.S. 154, 156] Franks v. Delaware, 438 US 154 (1978). The Court's reliance on Johnson v. United States, 333 U.S. 10 (1948), for the proposition that a determination by a neutral magistrate is a prerequisite to the sufficiency of an application for a warrant is obviously correct. In that case the Court said:

    > "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Id., at 13-14.

11. Therefore, plaintiff respectfully requests that the complained about warrants be immediately *stayed* from execution by a temporary restraining order and/or preliminary injunction by the Court, and requests an evidentiary hearing if the state fails to immediately administratively dismiss the fraudulent charges in the interest of justice. Re: Franks v. Delaware, 438 US 154 (1978), "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request. And for whatever other relief the Court deems proper, fair and just.

Dennis Shipman<br>
231-27 Merrick Boulevard<br>
Laurelton, Queens County, New York 11413-2111<br>
347-251-6140

Date: November 23rd 2007