## UNITED STATES COURT OF APPEALS
## FOR THE THIRD JUDICIAL CIRCUIT

### NOTICE OF APPEAL

Dennis Shipman,
Plaintiff-Appellant, *Pro Se*

Circuit Court Docket

District Court Docket
Civil Case No.: 07-CV-00687

vs.

The State of Delaware; Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)-Appellee(s)

District Court Judge: Sue L Robinson

Notice is hereby given that Dennis Shipman, plaintiff-appellant appeals to the United States Court of Appeals for the Third Judicial Circuit from [X] an Order entered in this action on November 21,

2007.

Dated: December 2, 2007

Appellant
Dennis Shipman, Plaintiff-appellant
231-27 Merrick Boulevard
Laurelton, New York 11413-2111
347-251-6140

Appellee
State of Delaware, *et al*
Beau Biden, Attorney General
820 North French Street
Wilmington, DE 19801
302- 577-2596 (Fax)

2007 DEC 18 AM 9:59
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# facsimile transmittal

| | | | |
|---|---|---|---|
| To: | CLERK'S OFFICE 3RD CIR CT. | Fax: | 215-597-6956 |
| From: | DENNIS SHIPMAN | Date: | 12/04/07 |
| Re: | Shipman vs. State of Delaware et. al. | Pages: | 21 including this one |
| CC: | Beau Biden, Attorney General, State of Delaware | | |

XX  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

**Urgent**

THESE ARE LEGAL DOCUMENTS. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE PUT ON NOTICE THAT ANY DISCLOSURE, COPYING, OR DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE INFORMATION CONTAINED IN THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE CALL 347-251-6140 IMMEDIATELY TO ARRANGE FOR ITS RETURN AT NO COST TO YOU.

UNITED STATES COURT OF APPEALS
FOR THE THIRD JUDICIAL CIRCUIT

Dennis Shipman,

Plaintiff-appellant, *Pro Se*

Circuit Court Docket

District Court Docket

Civil Case No.: 07-CV-00687

vs.

The State of Delaware, Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)-Appellee(s)

The undersigned, being duly sworn, says:

That he is over eighteen years of age.

That on December 3, 2007 undersigned served a copy of the Notice of Appeal, and perfected brief (no transcript is required) by facsimile and United States Postal Service, certified mail, return receipt requested at their last known business addresses, and personally hand delivered a copy of the pleadings on the defendant-appellee's counsel.

Signed and Sworn to
Before me this __4th__
Day of December 2007
_____
Notary Public

SININA TALLEY
Notary Public, State of New York
No. 01TA5083719
Certified in Nassau County
Commission Expires August 18, 20 09

1

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD JUDICIAL CIRCUIT

Dennis Shipman,
Plaintiff-Appellant, *Pro Se*

Circuit Court Docket
No.
District Court Docket
Civil Case No.: 07-CV-00687

vs

The State of Delaware; Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)-Appellee(s)

On appeal from United States District Court for the District of Delaware

Dennis Shipman, Plaintiff-Appellant, *Pro Se*
231-27 Merrick Boulevard
Springfield Gardens, Queens Borough County, New York 11413-2111
1.347.251.6140
Big_Dee@Comcast.net

## TABLE OF CONTENTS

INTRODUCTORY STATEMENT ............................................................. Page 1
SUMMARY OF ARGUMENT .................................................................. Page 1
ARGUMENT ............................................................................................. Page 3
CONCLUSION ......................................................................................... Page 8

## TABLE OF AUTHORITIES

CASES                                                                                                          Page

Younger v. Harris, 401 US at 37, 45 (1971) ........................................................ 1
Daniels v Williams, 474 US 327, 337; 106 S Ct 662; 88 L Ed 2d 662 (1986) .... 2
Franks v. Delaware, 438 US 154 (1978) ....................................................... 1,3,5,6
United States ex rel. Petillo v. New Jersey, 400 F. Supp. 1152, 1171-1172 (NJ 1975). 5
Albanese v. Yeager, 541 F.2d 275 (CA3 1976) .................................................. 4
United States v. Upshaw, 448 F.2d 1218, 1221-1222 [438 U.S. 154, 169] .......... 4
Wolf v. Colorado, 338 U.S. 25, 42 (1949) .......................................................... 5
McCray v. Illinois, 386 U.S. 300 (1967) ............................................................. 6
Brewer v. Williams, 430 U.S. 387, 422 (1977) .................................................. 6
Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000) ............................... 1,8
Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647 ...................................... 1,8
Haines v Kenner, 404 US 519, (1972) ........................................................... 1,8,11
Mackey v. United States, 401 U.S. 667 (1971) .................................................. 10
Johnson v. United States, 333 U.S. 10 (1948) .................................................. 10

## INTRODUCTORY STATEMENT

Plaintiff-appellant does hereby appeal to the United States Court of Appeals for the third judicial circuit pursuant to F.R.A.P. 26.1, 8 and 3rd Circuit LAR Rule 26.1 and 8 from a decision rendered on November 21, 2007, in and for the United States District Court for the District of Delaware, by the Honorable Sue L. Robinson denying a temporary restraining order against Delaware State Police. The affidavit swearing out an arrest warrant for 5 disorderly persons offenses was predicated on misinformation deliberately provided to a Delaware Justice of the Peace magistrate by affiant 1 day *after* plaintiff-appellant filed a formal assault complaint against a member of the agency and troop with which defendant-appellee [affiant] is assigned.

## SUMMARY OF ARGUMENT

*"A magistrate's determination is presently subject to review before trial as to sufficiency without any undue interference [438 U.S. 154, 170] with the dignity of the magistrate's function.* (emphasis) Pp. 155-156; 164-172. [438 U.S. 154, 156] ". . .where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request." Franks v. Delaware, 438 US 154 (1978)."

1.   Plaintiff-appellant has by virtue of the underlying civil rights complaint made an affirmative factual showing ". . . of irreparable harm, and immediate danger." No professional law enforcement agency swears out an arrest warrant for clearly trumped up charges after plaintiff-appellant showed that he had been maliciously detained and assaulted at the hands of a member whose confederates deliberately provided misinformation to a Justice of the Peace Court magistrate in order to obtain a retaliatory arrest warrant; repeatedly calls a plaintiff-appellant who does not reside in the State of Delaware to answer a warrant for minor but also fraudulent disorderly persons offenses; and, deliberately harasses his ex-wife, herself a supervisory peace officer who works in New York but resides in Delaware, to the degree she was forced to contact a heretofore unresponsive Delaware State Police Superintendent Col. Thomas Mac Leish.

-1-

2. The arrest warrant was predicated on misleading information sworn out to by the affiant before a State of Delaware Justice of the Peace Court Magistrate. Therefore, the Younger abstention (Younger v. Harris, 401 US at 37, 45 (1971) employed by Judge Sue L. Robinson, cannnot survive the supremacy of Franks v. Delaware. Franks governs challenges to *ex parte* warrants (see Franks v. Delaware, 438 US 154 (1978), which is what plaintiff-appellant is narrowly challenging; and, clearly establishes the Court's authority to issue the extraordinary relief requested being the case law relied upon is a United States Supreme Court *precedent* that overturned the Supreme Court of Delaware in a strikingly and imminently more relevant matter to instant appeal.

3. The District Court's decision relied heavily on an inartfully crafted pleading, by a *pro se* litigant – e.g., layman – justifiably frightened out of his wits by rogue elements of a major law enforcement agency, which caused him to neglect to detail all of the elements required for an affirmative factual showing "... of irreparable harm, and immediate danger" given the threat of imminent physical harm. Plaintiff-appellant did provide additional details in support of his motion to Judge Magistrate Stark, in a letter dated November 22nd, which was not reviewed by Judge Robinson, however.

4. Nevertheless, In re Haines: *pro se* litigants are held to less stringent pleading standards than duly licensed attorneys. Regardless of the deficiencies in their pleadings, *pro se* litigants are entitled to the opportunity to submit [additional] evidence in support of their claims. In re Platsky *et al*: the court errs if court dismisses the *pro se* litigant's pleading(s) without instruction of how pleading(s) are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Haines v Kenner, 404 US 519, (1972).

5. Therefore, the situation by which plaintiff-appellant comes before this court is positively terrifying demonstrating out-of-control Delaware State Police whose outrageous conduct shocks the conscience and illustrates a hidden agenda by vindictive members, which may have at its core a scenario in which plaintiff-appellant is taken into custody, and then is either injured or killed by members who are confederates of defendant-appellee Vincent Terranova under the guise of justifiable homicide.

6. The warrants are for clearly trumped up – i.e., obscene language, littering, vandalism, destruction of property, and criminal mischief – minor disorderly persons offenses that *cannot* survive either a vigorous defense, or the scrutiny of an impartial court. Plaintiff-appellant respectfully asks the Third Circuit to reverse the District Court's decision, remand, and order the Court to enjoin the state from executing the fraudulently obtained warrant, and to schedule an evidentiary hearing.

## ARGUMENT

1. By the JP Court's own admission, "the warrant process is by definition an *ex parte* procedure," which the Supreme Court has ruled is inherently unfair making it subject to greater scrutiny than a routine legal procedure. Moreover, a party seeking *ex parte* relief must "make an affirmative factual showing ... of irreparable harm, immediate danger, or any other statutory basis for granting *ex parte* relief rather than setting the matter for hearing on noticed motion."

4. A cursory review of the record will show that the J.P. Court 11 magistrate who issued the arrest warrant challenged herein treated what ought to be an "extraordinary request" like a routine matter. The affiant's affidavit was given equally extraordinary weight considering there were dispositive and other significant motions pending in the case, with which the United States District Court, JP Court administration; and, lastly, Delaware State Police supervisors who had to have reviewed and approved the defective affidavit were clearly aware.

5. The District Court here therefore erred in refusing to examine the adequacy of plaintiff's proffer of misrepresentation in the warrant affidavit. The District Court and the Justice of the Peace Court have been provided with overwhelming documentary evidence substantiating the fact that the arrest warrant was granted by a magistrate deliberately mislead by defendant-appellee Vincent Terranova's confederate. The magistrate was unaware of the outstanding assault complaint against Terranova by plaintiff, which to date *has not* been prosecuted, Troop *corp d'esprit* and, thereby, how Delaware State Police members with misguided loyalties may respond to an alleged complaint where plaintiff-appellant was involved.

6. Moreover, "to mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. The allegation of deliberate falsehood or of reckless disregard must point out specifically with supporting reasons the portion of the warrant affidavit that is claimed to be false. It also must be accompanied by an offer of proof, including affidavits or sworn or otherwise reliable statements of witnesses, or a satisfactory explanation of their absence." Defendant has not only met but also clearly exceeded that standard.

-4-

(a) If these requirements as to allegations and offer of proof are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required, but if the remaining content is insufficient, the defendant is entitled under the Fourth and Fourteenth Amendments to a hearing. Pp. 171-172. Franks v. Delaware, 438 US 154 (1978)

(b) If, after a hearing, a defendant establishes by a preponderance of the evidence that the false statement was included in the affidavit by the affiant knowingly and intentionally, or with reckless disregard for the truth, and the false statement was necessary to the finding of probable cause, then the warrant *must be voided* ... to the same extent as if probable cause was lacking on the face of the affidavit. Pp. 155-156.

7. First, a flat ban on impeachment of veracity could denude the probable-cause requirement of all real meaning. The requirement that a warrant not issue "but upon probable cause, supported by Oath or affirmation," would be reduced to a nullity if a police officer was able to use deliberately falsified allegations to demonstrate probable cause, and, having misled the magistrate, then was able to remain confident that the ploy was worthwhile.

8. "It is this specter of intentional falsification that, we think, has evoked such widespread opposition to the flat nonimpeachment rule from the commentators, from the American Law Institute in its Model Code of Pre-Arraignment Procedure, SS290.3 (1) (Prop. Off. Draft 1975), from the federal courts of appeals, and from state courts. On occasion, of course, an instance of deliberate falsity will be exposed and confirmed without a special inquiry either at trial, see United States ex rel. Petillo v. New Jersey, 400 F. Supp. 1152, 1171-1172 (NJ 1975), vacated and remanded by order sub nom. Albanese v. Yeager, 541 F.2d 275 (CA3 1976), or at a hearing on the sufficiency of the affidavit, cf. United States v. Upshaw, 448 F.2d 1218, 1221-1222 [438 U.S. 154, 169] (CA5 1971), cert. denied, 405 U.S. 934 (1972). A flat nonimpeachment rule would bar re-examination of the warrant even in these cases.

-5-

9. "Second, the hearing before the magistrate not always will suffice to discourage lawless or reckless misconduct. The pre-search proceeding is necessarily ex parte, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove evidence. The usual reliance of our legal system on adversary proceedings itself should be an indication that an ex parte inquiry is likely to be less vigorous. The magistrate has no acquaintance with the information that may contradict the good faith and reasonable basis of the affiant's allegations. The pre-search proceeding will frequently be marked by haste, because of the understandable desire to act before the evidence disappears; this urgency will not always permit the magistrate to make an extended independent examination of the affiant or other witnesses.

10. "Third, *the alternative sanctions of a perjury prosecution, administrative discipline, contempt, or a civil suit are not likely to fill the gap*. Mapp v. Ohio implicitly rejected the adequacy of these alternatives. Mr. Justice Douglas noted this in his concurrence in Mapp, 367 U.S., at 670, where he quoted from Wolf v. Colorado, 338 U.S. 25, 42 (1949): "'Self-scrutiny is a lofty ideal, but its exaltation reaches new heights if we expect a [State's] Attorney to prosecute himself or his associates for well-meaning violations of the search and seizure clause during a raid the District Attorney or his associates have ordered.'"

11. "Fourth, allowing an evidentiary hearing, after a suitable preliminary proffer of material falsity, would not diminish the importance and solemnity of the warrant-issuing process. It is the *ex parte* nature of the initial hearing, rather than the magistrate's capacity, that is the reason for the review. *A magistrate's determination is presently subject to review before trial as to sufficiency without any undue interference [438 U.S. 154, 170] with the dignity of the magistrate's function.* (emphasis defendant's). Our reluctance today to extend the rule of exclusion beyond instances of deliberate misstatements, and those of reckless disregard, leaves a broad field where the magistrate is the sole protection of a citizen's Fourth Amendment rights, namely, in instances where police have been merely negligent in checking or recording the facts relevant to a probable-cause determination.

12. "Fifth, the claim that a post-search hearing will confuse the issue of the defendant's guilt with the issue of the State's possible misbehavior is footless. The hearing will not be in the presence of the jury. An issue extraneous to guilt already is examined in any probable-cause determination or review of probable cause. Nor, if a sensible threshold showing is required and sensible substantive requirements for suppression are maintained, need there be any new large-scale commitment of judicial resources; many claims will wash out at an early stage, and the more substantial ones in any event would require judicial resources for vindication if the suggested alternative sanctions were truly to be effective. The requirement of a substantial preliminary showing should suffice to prevent the misuse of a veracity hearing for purposes of discovery or obstruction. And because we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made. McCray v. Illinois, 386 U.S. 300 (1967), the Court's earlier disquisition in this area, concluded only that the Due Process Clause of the Fourteenth Amendment did not require the State to expose an informant's identity routinely, upon a defendant's mere demand, when there was ample evidence in the probable-cause hearing to show that the informant was reliable and his information credible.

15. "Sixth and finally, as to the argument that the exclusionary [438 U.S. 154, 171] rule should not be extended to a "new" area, we cannot regard any such extension really to be at issue here. Despite the deep skepticism of Members of this Court as to the wisdom of extending the exclusionary rule to collateral areas, such as civil or grand jury proceedings, the Court has not questioned, in the absence of a more efficacious sanction, the continued application of the rule to suppress evidence from the State's case where a Fourth Amendment violation has been substantial and deliberate. See Brewer v. Williams, 430 U.S. 387, 422 (1977) (BURGER, C. J., dissenting); Stone v. Powell, 428 U.S., at 538 (WHITE, J., dissenting). We see no principled basis for distinguishing between the question of the sufficiency of an affidavit, which also is subject to a post-search re-examination, and the question of its integrity.

-7-

## CONCLUSION

16. The issuance of the arrest warrant challenged herein raises serious questions. Questions that have gone unanswered in any of the pleadings plaintiff-appellant has submitted to the state Attorney General's office. Questions such as the appearance of impropriety, partiality and, more importantly, the troubling jurisprudence or lack thereof exhibited by the JP Court *after* being notified of defects in the complained of affidavit; namely, the Court's intransigence in refusing to cure an error of its own making thereby adding insult to injury.

17. Rule 9 (Rules Governing Justice of the Peace Court), clearly provide discretion to a magistrate to issue a summons as opposed to an arrest warrant if it finds probable cause to believe a crime had been committed. Plaintiff-appellant who does not reside in Delaware and is neither a scofflaw nor a criminal but wanted to answer these charges respectfully asked the court to extend this minor relief in the interest of justice given the serious questions raised with respect to the conduct of elements of Delaware State Police, and the deliberate misinformation provided to the court.

18. The state's position begs the question: why is it determined to pursue an arrest warrant for relatively minor but also clearly trumped up charges when the plaintiff has already shown that he has been injured at the hands of the very same agency swearing out the arrest warrant? That fact alone ought to mitigate against an arrest warrant by an impartial court.

19. Plaintiff-appellant lodged a formal assault complaint against defendant-appellee Vincent Terranova the day *before* complained about retaliatory charges were filed by Terranova's confederates. The assault complaint was the motive for their outrageous misfeasance.

20. Moreover, plaintiff-appellant is hard pressed to ascertain how the magistrate made the tremendous leap of logic it took for him to find probable cause to believe that a crime been committed herein. Plaintiff allegedly turned a "donut" on a gravel and dirt filled lot on private property, which the caretaker falsely claimed caused damage to other vehicles in the lot, and that singular innocuous maneuver rises to the level of 5 separate criminal charges.

-8-

21. The charges are preposterous allegations on their face. There is *no* Federal or state statute, amendment, precedent or case law, which would support the Justice of the Peace Court's fantastic assertion that an arrest warrant issued under those circumstances with the misinformation that had had to have been provided to the magistrate in order for him to find probable cause has to stand.

22. Conversely, precedent *does* exist with respect to the issues raised by plaintiff-appellant and, more importantly, was settled here in the first state when the Supreme Court of Delaware held, as a matter of first impression for it, that a defendant under no circumstances may so challenge the veracity of a sworn statement used by police to procure an [arrest] warrant.

23. The United States Supreme Court in its wisdom reversed that decision, and held that, where the defendant makes a substantial preliminary evidence showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, *requires* that a hearing be held at the defendant's request.

24. Moreover, In re Haines: *pro se* litigants are held to less stringent pleading standards than duly licensed attorneys. Regardless of the deficiencies in their pleadings, *pro se* litigants are entitled to the opportunity to submit [additional] evidence in support of their claims. In re Platsky *et al*: the court errs if court dismisses the *pro se* litigant's pleading(s) without instruction of how pleading(s) are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Haines v Kenner, 404 US 519, (1972).

25. The notion that there may be incorrect or even deliberately falsified information presented to a magistrate in the course of an effort to obtain a search warrant does not render the proceeding before a magistrate any different from any other factfinding procedure known to the law. The Court here says that "it would be an unthinkable imposition upon [the magistrate's] authority if a warrant affidavit, revealed after the fact to contain a deliberately or recklessly false statement, *were to stand beyond impeachment.*" Ante, at 165. I do not believe that this flat statement survives careful analysis.

26. If the function of the warrant requirement is to obtain the determination of a neutral magistrate as to whether sufficient grounds have been urged to support the issuance of a warrant, that function is fulfilled at the time the magistrate concludes that the requirement has been met. Like any other determination of a magistrate, of a court, or of countless other factfinding tribunals, the decision may be incorrect as a matter of law. Even if correct, some inaccurate or falsified information may have gone into the making of the determination. But unless we are to exalt as the ne plus ultra of our system of criminal justice the absolute correctness of every factual determination made along the tortuous route from the filing of the complaint or the issuance of an indictment to the final determination that a judgment of conviction was properly obtained, we shall lose perspective as to the purposes of the system as well as of the warrant requirement of the Fourth and Fourteenth Amendments. Much of what Mr. Justice Harlan said in his separate opinion in Mackey v. United States, 401 U.S. 667 (1971), with respect to collateral relief from a criminal conviction is likewise applicable to collateral impeachment of a search warrant:

27. "At some point, the criminal process, if it is to function at all, must turn its attention from whether a man ought properly to be incarcerated to how he is to be treated once convicted. If law, criminal or otherwise, is worth having and enforcing, it must at some time provide a definitive answer to the questions litigants present or else it never provides an answer at all. Surely, it is an unpleasant task to strip a man of his freedom and subject him to institutional restraints. But this does not mean that in so doing, we should always be halting or tentative. No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, put tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved.

-10-

28. Johnson v. United States, 333 U.S. 10 (1948), says "for the proposition that a determination by a neutral magistrate is a prerequisite to the sufficiency of an application for a warrant is obviously correct. In that case the Court said:

29. "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Id., at 13-14.

30. The District Court here therefore *erred* in refusing to examine the adequacy of petitioner's proffer of misrepresentation in the warrant affidavit, or permitting plaintiff-appellant the opportunity to submit [additional] evidence in support of [his] claim. see Haines v Kenner, 404 US 519, (1972). *A magistrate's determination is presently subject to review before trial as to sufficiency without any undue interference [438 U.S. 154, 170] with the dignity of the magistrate's function.* (emphasis ) Pp. 155-156; 164-172. [438 U.S. 154, 156] Franks v. Delaware, 438 US 154 (1978).

31. Therefore, plaintiff-appellant respectfully requests that the complained about warrants be immediately *stayed* from execution by a temporary restraining order and/or preliminary injunction by the Court, and requests an evidentiary hearing and for whatever other relief the Court deems proper, fair and just.

                                              Dennis Shipman
                                              231-27 Merrick Boulevard
Laurelton, Queens County, New York 11413-2111
                                                      347-251-6140

Dated: December 2nd 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SHIPMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 07-687-***-LPS ) |
| STATE OF DELAWARE, DELAWARE STATE POLICE, CORPORAL NICHOLAS TERRANOVA, TROOPER JOHN DOE, and REYNOLDS TOWING, | ) ) ) ) ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington this ____ day of November, 2007, having considered plaintiff's letter/motion for an emergency temporary restraining order (D.I. 8), and the papers submitted thereto;

IT IS ORDERED that the letter/motion is **denied**, for the reasons that follow:

1. **Background.** Plaintiff, David Shipman, who proceeds pro se, filed a letter/motion seeking emergency injunctive relief. He seeks an order enjoining defendants from executing, what he believes are improperly obtained, arrest and bench warrants issued by a Delaware Justice of the Peace Court pending a final disposition in this civil rights case. Plaintiff alleges the warrants for his arrest on criminal violations were issued after he lodged a formal assault complaint against defendant Corporal Nicholas Terranova ("Terranova") for Terranova's alleged actions during a traffic stop the evening of October 21, 2007.

2. **Standard.** When considering a motion for a temporary restraining order or

preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant(s); and (4) granting the injunction is in the public interest. Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1997). "[A]n injunction may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980)(quoting Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

    3. **Discussion.** Plaintiff states that if an injunction does not issue he will suffer immediate and irreparable injury, loss, and damages in his reinstatement to a sensitive security position in New York state government. He indicates reinstatement has been held in abeyance pending an exhaustive nationwide background check and that a permanent arrest record, whether justified or not, will immediately show up on background checks and result in a formal denial of reinstatement to the security position.

    4. The court will deny the motion on the basis of the Younger abstention doctrine. "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Younger v. Harris, 401 U.S. at 37, 45 (1971). Younger provides that federal courts may not stay or enjoin pending state criminal proceedings except under special circumstances. Id. The court finds that plaintiff's position for issuance of an injunction does not provide sufficient

12/04/2007 13:35 5165051251 Case 1:07-cv-00687-GMS    Document 13    Filed 12/18/2007    Page 19 of 19   HEMPSTEAD VILLAGE CO   PAGE 21

DEC-04-2007 TUE 11:35 AM NE SAFETY/COMPLIANCE    FAX NO. 7177035291    P. 21

special circumstance to convince the court to take the extraordinary step of issuing an injunction to enjoin the execution of state issued criminal bench and arrest warrants pending disposition of the civil rights action plaintiff has filed in this court.

**5. Conclusion.** Therefore, the letter/motion for an emergency temporary restraining order (D.I. 8) is **denied**.

_____
United States District Judge

-3-