

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD JUDICIAL CIRCUIT

Dennis Shipman,
Plaintiff-Appellant, *Pro Se*

Circuit Court Docket No.
District Court Docket
Civil Case No.: 07-CV-00687

vs.

Affidavit In Support

The State of Delaware; Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
Defendant(s)-Appellee(s)

1. Plaintiff-appellant being duly sworn does dispose and says,

2. That I am the plaintiff-appellant, pro se in the aforementioned action;

3. And, that, as such, I am familiar with all of the facts and circumstances

therein; and,

4. that "*A magistrate's determination is presently subject to review before trial as to sufficiency without any undue interference [438 U.S. 154, 170] with the dignity of the magistrate's function.* (emphasis) Pp. 155-156; 164-172. [438 U.S. 154, 156] ". . .where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, requires that a hearing be held at the defendant's request." Franks v. Delaware, 438 US 154 (1978)."

5. Plaintiff-appellant has by virtue of the underlying civil rights complaint made an affirmative factual showing ". . . of irreparable harm, and immediate danger." No professional law enforcement agency swears out an arrest warrant for clearly trumped up charges after plaintiff-appellant showed that he had been maliciously detained and assaulted at the hands of a member whose confederates deliberately provided misinformation to a Justice of the Peace Court magistrate in order to obtain a retaliatory arrest warrant; repeatedly calls a plaintiff-appellant who does not reside in the State of Delaware to answer a warrant for minor but also fraudulent disorderly persons offenses; and, deliberately harasses his ex-wife, herself a supervisory peace officer who works in New York but resides in Delaware, to the degree she was forced to contact a heretofore unresponsive Delaware State Police Superintendent Col. Thomas Mac Leish.

6. The arrest warrant was predicated on misleading information sworn out to by the affiant before a State of Delaware Justice of the Peace Court Magistrate. Therefore, the Younger abstention (Younger v. Harris, 401 US at 37, 45 (1971) employed by Judge Sue L. Robinson, cannnot survive the supremacy of Franks v. Delaware. Franks governs challenges to *ex parte* warrants (see Franks v. Delaware, 438 US 154 (1978), which is what plaintiff-appellant is narrowly challenging; and, clearly establishes the Court's authority to issue the extraordinary relief requested being the case law relied upon is a United States Supreme Court *precedent* that overturned the Supreme Court of Delaware in a strikingly and imminently more relevant matter to instant appeal.

7. The District Court's decision relied heavily on an inartfully crafted pleading, by a *pro se* litigant – e.g., layman – justifiably frightened out of his wits by rogue elements of a major law enforcement agency, which caused him to neglect to detail all of the elements required for an affirmative factual showing ". . . of irreparable harm, and immediate danger" given the threat of imminent physical harm. Plaintiff-appellant did provide additional details in support of his motion to Judge Magistrate Stark, in a letter dated November 22nd, which was not reviewed by Judge Robinson, however.`

8. Nevertheless, In re Haines: *pro se* litigants are held to less stringent pleading standards than duly licensed attorneys. Regardless of the deficiencies in their pleadings, *pro se* litigants are entitled to the opportunity to submit [additional] evidence in support of their claims. In re Platsky *et al*: the court errs if court dismisses the *pro se* litigant's pleading(s) without instruction of how pleading(s) are deficient and how to repair pleadings. In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. See Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647. Haines v Kenner, 404 US 519, (1972).

10. Therefore, the situation by which plaintiff-appellant comes before this court is positively terrifying demonstrating out-of-control Delaware State Police whose outrageous conduct shocks the conscience and illustrates a hidden agenda by vindictive members, which may have at its core a scenario in which plaintiff-appellant is taken into custody, and then is either injured or killed by members who are confederates of defendant-appellee Vincent Terranova under the guise of justifiable use of force or homicide as the complained about member has already shown a predilection for unprovoked use of force.

11. The warrants are for clearly trumped up -- i.e., obscene language, littering, vandalism, destruction of property, and criminal mischief -- minor disorderly persons offenses that *cannot* survive either a vigorous defense, or the scrutiny of an impartial court. Plaintiff-appellant respectfully asks the Third Circuit to reverse the District Court's decision, remand, and order the Court to enjoin the state from executing the fraudulently obtained warrant, and to schedule an evidentiary hearing.

Signed and sworn to this

18 day of December 2007

*Caroline Lolley*

Dennis Shipman

**CAROLINE LOLLEY**
**NOTARY PUBLIC**
**STATE OF DELAWARE**
My Commission Expires April 15, 2008

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD JUDICIAL CIRCUIT

Dennis Shipman,
Plaintiff-Appellant, *Pro Se*

Circuit Court Docket
No.
District Court Docket
Civil Case No.: 07-CV-00687

vs.

The State of Delaware; Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity;* Reynolds Towing
Defendant(s)-Appellee(s)

### MOTION FOR STAY AND TEMPRORARY RESTRAINING ORDER

Plaintiff-appellant having filed his civil rights complaint for a permanent injunction and other equitable relief in this matter pursuant to §42 USC 1983, now does hereby move this court for a stay of the judgment or order of the District of Delaware pending appeal pursuant to 8(a)(1) Federal Rules of Appellate Procedure.

Dated: December 12, 2007

Dennis Shipman
231-27 Merrick Boulevard
Queens, New York 11413-2111
347-251-6140