Dennis Shipman
231-27 Merrick Boulevard
Springfield Gardens, New York 11413-2111
Big_Dee@Comcast.net
347-251-6140

January 6, 2008

Bradford A. Baldus, Senior Legal Advisor to the Clerk
United States Court of Appeals for the 3rd Judicial Circuit
U.S. Courthouse
601 Market Street, Philadelphia, PA 19106

RE: Shipman v. State of Delaware *et al* 07-4692

Dear Mr. Baldus:

Delaware Attorney General's office has not offered *any* opposition to our motions. Despite that, the District Court denied an emergency motion for injunctive relief employing an arcane legal standard, which simply does not apply.

We immediately appealed that adverse order, and Helen A George, Motion Attorney for the Third Circuit, returned our papers as we were not entitled to submit emergency appeals via facsimile. Since we had already submitted hardcopies by mail foreseeing a possible problem, the hardcopies were subsequently docketed. We are writing in response to a letter dated December 21st by US Court of Appeals, Third Circuit staff attorney Laura L. Greene threatening *Sua Sponte* summary judgment before a 3 judge panel pursuant to 28 USC §1291 on the aforementioned emergency appeal. Our response is due within 21 days. We submitted it yesterday, however.

In re Platsky *et al*: the court *errs* if court dismisses the *pro se* litigant's pleading(s) without instruction of how pleading(s) are deficient and how to repair pleadings. There are no procedural instructions evident in Ms. Greene's letter providing any guidance with respect to a process by which a *pro se* litigant in an emergency motion requests the lower court's permission to appeal an interlocutory order. (see Platsky v. C.I.A. 953 F.2d. 25)

Pg. 2

More importantly, the USCA, Third Circuit has jurisdiction to hear interlocutory appeals from USDC pursuant to Title 28 §1292 (b) (enclosed) of the United States Code. "**(a)** Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

> **(1)** *Interlocutory orders of the district courts of the United States* (emphasis ours), the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;
> **(2)** Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;
> **(3)** Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."

Consequently, Chapter 10.6 of the Internal Operating Procedures of the United States Court of Appeals for the Third Circuit, Third Circuit Local Appellate Rule 27.4, and Title 28 §1291 erroneously cited by Ms. Greene in support of her fatally flawed analysis represent a gross misinterpretation of the law with respect to interlocutory appeals from District Court orders.

Additionally, plaintiff-appellant has by virtue of the underlying civil rights complaint made an affirmative factual showing ". . . of irreparable harm, and immediate danger" by required affidavits as well as other documentary evidence. And, as such, has requested an immediate stay, enjoinment, and other urgent relief afforded by the United States Code as well as Federal Rules of Appellate Procedure pursuant to 3rd Circuit L.A.R. 111.4.

Judge Sue Robinson's decision has the effect of a final judgment considering the grave danger in which it places plaintiff-appellant. The District Court has been given ample opportunity to reconsider its ruling by virtue of a Notice of Appeal and supporting documentation filed with the District Court pursuant to FRAP. Nevertheless, the warrants complained about remain outstanding, plaintiff-appellant's life as well as liberty remain threatened, Delaware State Police continue to harass plaintiff-appellant by telephone on a *daily* basis, and Title 28 §1292 (b) of the United States Code clearly allow an appellate review of the District Court decision under exigent circumstances as represented.

More importantly, case laws – e.g., Franks v. Delaware, 438 US 154 (1978), Haines v Kenner, 404 US 519, (1972) Wolf v. Colorado, 338 U.S. 25, 42 (1949) McCray v. Illinois, 386 U.S. 300 (1967), Brewer v. Williams, 430 U.S. 387, 422 (1977) - cited by plaintiff-appellant in support of his motion(s) are *all* Supreme Court *precedents*, which have been thoroughly *Shepardized* and, as a result, we respectfully suggest are binding on all lower courts, not subject to reinterpretation.

Pg 3

    The District Court here erred in refusing to examine the adequacy of petitioner's proffer of misrepresentation in the warrant affidavit. Pp. 155-156; 164-172. [438 U.S. 154, 156] Franks v. Delaware, 438 US 154 (1978). The Court's reliance on Johnson v. United States, 333 U.S. 10 (1948), for the proposition that a determination by a neutral magistrate is a prerequisite to the sufficiency of an application for a warrant is obviously correct. In that case the Court said:

> "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." Id., at 13-14.

    Therefore, plaintiff respectfully requests that the motions represent a substantial question of law and, therefore, ought to be submitted to the Circuit Court *en banc* or to the panel for immediate consideration of requested relief, or for an expedited review; and, complained about arrest warrant *immediately* stayed from execution pursuant to 3rd Circuit L.A.R. 111.4, pending an evidentiary hearing if the state fails to immediately administratively dismiss the underlying retaliatory and fraudulent charges in the interest of justice.

    In Re: Franks v. Delaware, 438 US 154 (1978), "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment, as incorporated in the Fourteenth Amendment, *requires* that a hearing be held at the defendant's request. And for whatever other relief the Court deems proper, fair and just.

I remain,

Respectfully yours,

Dennis Shipman, Plaintiff-Appellant *Pro*


cc: Hon. Beau Biden, Attorney General
    820 North French Street
    Wilmington, Delaware 19801

    Clerk of Court
    U.S. District Court
    844 N. King Street
    Lockbox 18
    Wilmington, DE 19801