
ORIGINAL

# UNITED STATES DISTRICT COURT
### District of Delaware

Dennis Shipman, Plaintiff, *Pro Se*

V.

CASE NUMBER: 1:07-CV-00687
AMENDED NOTICE OF APPEAL
MOTION FOR AN EXTENSION OF TIME
LEAVE FOR PERMISSION TO APPEAL

The State of Delaware; Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*;
Trooper John Doe, *individually and in his official capacity*; Reynolds Towing
    Defendants.

---

Dennis Shipman hereby appeals to the United States Court of Appeals for the Third Circuit from the Order of Chief Judge Sue L. Robinson, United State District Court, District of Delaware, denying a temporary restraining order against Delaware State Police who fraudulently obtained an arrest warrant from a sympathetic Justice of the Peace Court Magistrate against plaintiff-appellant for extremely dubious disorderly persons offenses for the sole purpose of besmirching plaintiff's character and reputation with a permanent arrest record – i.e., fingerprints, photographs and biographical data - 1 day after he filed a formal assault complaint against a member of the agency. Judge Robinson's decision relied heavily on an inartfully constructed application by a frightened out-of-his-wits *pro se* litigant – i.e., informed layman – that neglected to detail all of the elements required for an affirmative factual showing "of irreparable harm, and immediate danger" to deny plaintiff's requested relief entered in this action on the 21st day of November 2007.

In the event that this form was not received in the Clerk's Office within the required time, Plaintiff respectfully requests that the Court grant plaintiff permission to amend Notice of Appeal, grant an extension of time in which to appeal, and permission for leave to appeal to United States Court of Appeals, Third Circuit in accordance with Rule 4(a)(5); Rule 5 of the Federal Rules of Appellate Procedure.

In support of this request, plaintiff states that this Court's judgment was received by downloading Judge Robinson's decision off of PACER and that this form was mailed to the Court on December 2nd 2007.

Dennis Shipman
231-27 Merrick Blvd, Queens, New York 11413
347-251-6140

DATED: January 28, 2008
Rev. 05/2007

# UNITED STATES DISTRICT COURT
## District of Delaware

Dennis Shipman, Plaintiff, *Pro Se*

v.

The State of Delaware; Delaware State Police;
Corporal Vincent Terranova, *individually and in his official capacity*,
Trooper John Doe, *individually and in his official capacity*, Reynolds Towing
Defendants.

Petition for Permission to Appeal from the United States District Court
for the District of Delaware
1:07-CV-00687 —Sue Robinson, Chief *Judge.*

### PETITION FOR PERMISSION TO APPEAL

Petitioner-appellant, Dennis Shipman, respectfully request permission to appeal from that order.

### INTRODUCTORY STATEMENT

1) Petitioner-appellant has by virtue of the underlying civil rights complaint made an affirmative factual showing "...of irreparable harm, and immediate danger" as what professional law enforcement agency calls an alleged "defendant" not residing in their jurisdiction 10-20 times per day (and cellular telephone records will bear this fact out if the Court requires proof) to answer a fraudulently obtained arrest warrant for relatively minor disorderly persons offenses; an arrest warrant for relatively minor but also clearly trumped up charges when petitioner-appellant has already shown that he has been physically assaulted without either provocation or arrest at the hands of a member of the very same agency swearing out the arrest warrant; or, one, that harasses his ex-wife, herself a supervisory peace officer, to the degree she was forced to contact a heretofore unresponsive Delaware State Police Superintendent, Col. Thomas Mac Leish, in her official capacity and ask him to restrain his troopers from harassing her. A crucial fact that alone ought to mitigate against an arrest warrant by an impartial court.

2) It is positively terrifying demonstrating a hidden agenda that may have at its core a scenario in which petitioner is taken into custody and then is either injured or killed by Delaware State Troopers, whom are confederates of defendant, Vincent Terranova under the guise of justifiable use of force or homicide.

## ARGUMENT

3) The complained about warrants are for clearly trumped up- i.e., obscene language, littering, vandalism, destruction of property, and criminal mischief – charges that cannot survive either a vigorous defense or review by an impartial court. They are predicated on a defective arrest warrant that was sworn out to 1 day *after* petitioner lodged a formal criminal complaint against a member of the agency for assault. The retaliatory warrant(s) are not for felonies.

4) The arrest warrant was predicated on misleading information sworn out to by affiant before an accommodating State of Delaware Justice of the Peace Court Magistrate.

5) Therefore, petitioner respectfully submits the Younger abstention (Younger v. Harris, 401 US at 37, 45 (1971) employed by the Court was the wrong legal standard. Petitioner is not seeking to challenge the underlying criminal charges as the Court implied but the process by which the arrest warrant for those charges were obtained. Moreover, Franks v. Delaware (438 US 154 (1978) governs challenges to *ex parte* processes generally and warrants in Delaware particularly. Franks clearly establishes the Court's jurisdiction to issue this extraordinary relief being a United State Supreme Court *precedent*, which supercedes *Younger* and, more importantly, overturned the Supreme Court of Delaware in a strikingly similar matter to petitioner's complaint.

6) In re Haines: pro se litigants are held to less stringent pleading standards than duly licensed attorneys (see Haines v Kerner, 404 U.S. 519). Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit [additional] evidence in support of their claims. In re Platsky et al: the court errs if court dismisses the pro se litigant's pleading(s) without instruction of how pleading(s) are deficient and how to repair pleadings (see Platsky v. C.I.A. 953 F.2d. 25). In re Anastasoff: litigants' constitutional rights are violated when courts depart from precedent where parties are similarly situated. All litigants have a constitutional right to have their claims adjudicated according the rule of precedent. (see Anastasoff v. United States, 223 F.3d 898 (8th Cir. 2000). Statements of counsel, in their briefs or their arguments are not sufficient for a motion to dismiss or for summary judgment, (see Trinsey v. Pagliaro, D.C. Pa. 1964, 229 F. Supp. 647).

## CONCLUSION

7) It is therefore respectfully requested that this petition for permission to appeal be granted.

Respectfully submitted,

_____
Dennis Shipman
231-27 Merrick Boulevard
Queens, New York 11413

Dated: January 28, 2008