Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

CA 07-687 GMS

FILED
MAR -4 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Dennis Shipman
231-27 Merrick Boulevard
Laurelton, NY 11413

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SHIPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 07-687-GMS |
| ) | |
| STATE OF DELAWARE, DELAWARE ) | |
| STATE POLICE, CORPORAL ) | |
| NICHOLAS TERRANOVA, TROOPER ) | |
| JOHN DOE, and REYNOLDS ) | |
| TOWING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, Dennis Shipman ("Shipman"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 5.)

For the reasons discussed below, the court will dismiss the State of Delaware, the Delaware State Police, and Trooper John Doe and the claims raised against them as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff will be allowed to proceed with his claims against Corporal Nicholas Terranova and Reynolds Towing.

## I. BACKGROUND

Shipman alleges that on October 21, 2007, while parked in his estranged wife's truck, he was approached by the defendant Corporal Nicholas Terranova ("Terranova") who asked Shipman what he was doing in the area with expired tags. (D.I. 2) Terranova asked for Shipman's license, registration, and insurance card. Shipman alleges that Terranova called for

backup and asked then him to step out of the vehicle. Shipman alleges that when he attempted to comply, Terranova assaulted him by pushing him in the chest which caused Shipman to fall back into his vehicle. Shipman alleges that Terranova handcuffed him, threw him on the hood of the car, searched him, and placed in the backseat of the police car all in an effort to impress a female riding with Terranova. Shipman alleges that he was unable to obtain the insurance card because he was handcuffed and in the back seat of the police car. Shipman alleges that Terranova searched the truck without permission or reasonable suspicion to believe a crime had been, or was about to be, committed. Shipman alleges Terranova called for a tow truck and tried to question him, but Shipman refused to answer any questions other than to identify himself.

The next day, October 22, 2007, Shipman went to pick up his vehicle and was charged for its storage. He made a formal complaint against Terranova regarding the alleged assault, illegal detention, and conversion of his property. On October 31, 2007, Shipman's wife's family told him that a warrant issued on October 22, 2007, for his arrest and charging him with littering, using obscene language, destruction of property, and vandalism.

Shipman alleges that the defendant Reynolds Towing ("Reynolds Towing") did not swear out a complaint and/or an arrest warrant on the charges, but had contacted the defendant Delaware State Police ("State Police") to indemnify its business because of minor scratches on a freshly painted vehicle allegedly caused by Shipman. Reynolds Towing alleged that the damage was caused by Shipman "cutting a donut" on a gravel covered parking lot at the time Shipman retrieved the truck and that the act was recorded by its surveillance system. Shipman disputes that "cutting a donut" could have caused any scratches on vehicles that were not already there, and that the allegation did not rise to the level of a crime. Shipman alleges the charges were

falsely levied against him and the arrest warrant was issued in retaliation because he made an official complaint against Terranova.

Count I alleges a deprivation of Shipman's right to due process and equal protection in violation of the Fourteenth Amendment, Count II alleges retaliation, and Count III alleges deprivations of Articles IX and XIV of the U. S. Constitution and the Bill of Rights. Shipman seeks compensatory and punitive damages.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 28 U.S.C. § 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States,* 67 F.3d 1080, 1083 (3d Cir. 1995).

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *Erickson v. Pardus,* –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Because Shipman proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

## III. ANALYSIS

### A. Eleventh Amendment Immunity

The complaint names the State of Delaware and the Delaware State Police as defendants. The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State, and in the absence of congressional abrogation or consent, a suit against a state agency is proscribed. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Rodriguez v. Stevenson,* 243 F. Supp. 2d 58, 63 (D. Del. 2002). Further, a state agency, such as the Delaware State Police, "is not a person" subject to claims under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

-4-

The State of Delaware and its state agency, the Delaware State Police, are immune from suit and therefore the court will dismiss them as defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### B. Personal Involvement

Shipman names as a defendant Trooper John Doe ("Doe"). A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Other than in the caption of the complaint and listing of parties, there is no mention of Doe. Hence, as to Doe, Shipman has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss Doe as a defendant pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C. Address

When Shipman filed this lawsuit he provided an address in Laurelton, New York. It has come to the court's attention that mail addressed to the Laurelton, New York address has been returned to the court as undeliverable. (D.I. 6, 7) The mailings were returned by the U.S. Postal Service with a label that stated, "forward time exp rtn to send," "return to sender," and provided an address for Shipman in New Castle, Delaware. (*Id.*) Recently, Shipman hand-delivered a motion for injunctive relief for filing and the motion contained a self- addressed envelope to the New York address. Because there is confusion regarding his address, the court will order

Shipman to provide his correct mailing address to the court.

## IV. CONCLUSION

Based upon the foregoing analysis, the defendants State of Delaware, Delaware State Police, and Trooper John Doe and the claims against them will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Shipman will be allowed to be proceed with his claims against Corporal Nicholas Terranova and Reynolds Towing. Shipman will be required to provide his correct mailing address to the court. An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

____Feb. 28____, 2008
Wilmington, Delaware

FILED

FEB 28 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DENNIS SHIPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-687-GMS |
| | ) |
| STATE OF DELAWARE, DELAWARE | ) |
| STATE POLICE, CORPORAL | ) |
| NICHOLAS TERRANOVA, TROOPER | ) |
| JOHN DOE, and REYNOLDS | ) |
| TOWING, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 28th day of Feb, 2008, IT IS HEREBY ORDERED for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants State of Delaware, Delaware State Police, and Trooper John Doe are **DISMISSED** without prejudice as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). The foregoing defendants are dismissed from this action.

2. The court has identified what appear to be cognizable claims against the defendants Corporal Nicholas Terranova and Reynolds Towing. Shipman is allowed to **PROCEED** against these defendants.

3. Within thirty (30) days from the date of this order Shipman **SHALL PROVIDE** his correct mailing address to the court.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court **original** "U.S. Marshal-285" forms for **remaining defendants Corporal Nicholas Terranova and Reynolds Towing,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C), and Fed. R. Civ. P. 4(j)(2). **Additionally, the plaintiff shall provide the court with a copy of the complaint (D.I. 2) for service upon each defendant and the attorney general. The plaintiff is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms and a copy of the complaint for each remaining defendant and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or the defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3. Upon receipt of the completed "U.S. Marshal 285" form(s) and copies of the complaint, the United States Marshal shall serve a copy of the complaint and this order upon the defendants as directed by the plaintiff. All costs of service shall be advanced by the United States.

4. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

CHIEF, UNITED STATES DISTRICT JUDGE

-2-

FILED
FEB 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE